*1052 OPINION OF THE COURT
John F. Skahen, S.
The respondent fiduciary has moved to renew and/or reargue the petitioner’s motion for summary judgment that was granted by this court.
The motion to renew is denied, there being no additional or new facts set forth.
The motion to reargue is granted and upon reargument, the prior decision of this court dated November 3, 1977 is withdrawn and the following is substituted for said decision.
Herbert J. Meyer died intestate on December 15, 1973. Although no kinship hearing has been held, it appears that the nearest living relatives at the time of his death were a maternal aunt, uncle and cousins. Under the laws of the State of New York, the aunt and uncle would be the sole distributees.
Letters of administration were issued out of this court to the maternal aunt, Frieda Rubenstein, on March 26, 1974. The decedent’s uncle, Louis Kenion, renounced his right to letters and consented that Frieda Rubenstein serve without » bond. The cousins, not being distributees under New York law, received no notice of the proceeding for letters of administration, nor did they appear in that proceeding.
The petition for letters of administration filed in this court alleged that the decedent died domiciled in Rockland County. This allegation is a predicate to the court’s exercising jurisdiction over this estate (SCPA 204).
On March 3, 1974 a cousin of the decedent (the petitioner in this proceeding) was appointed temporary administratrix of the decedent’s estate by the County Court of Wichita County, Texas (Texas court), her petition having alleged that the decedent died domiciled in Texas. Counsel in this proceeding have advised the court that under the laws of the State of Texas, the cousins would participate in the estate distribution. By order of the Texas court, dated April 2, 1974, Lillian Schwal received letters of administration.
On June 28, 1974, the respondent herein, Frieda Ruben-stein, filed a "motion” in the Texas court to remove Lillian Schwal from the position of administratrix and to appoint herself as administratrix. By order dated November 11, 1974, the Texas court denied the "motion”.
Louis Kenion, by written application filed in the Texas court *1053 on December 13, 1974, sought relief similar to that of Frieda Rubenstein, namely, that Lillian Schwal be removed as the Texas administratrix. An amended application (undated) made by Louis Kenion was served on the attorney for Lillian Schwal on March 14, 1975.
Louis Kenion died prior to a hearing and determination by the Texas court on his "amended motion” seeking to remove Lillian Schwal. Frieda Rubenstein requested the Texas court to continue Louis Kenion’s application in her name as applicant, since she was a "person interested in the estate of Herbert J. Meyer”.
Clearly Louis Kenion submitted himself to the jursdiction of the Texas court by filing the "motion” to remove Lillian Schwal. On the death of Louis Kenion, the Texas court permitted Frieda Rubenstein to continue the amended motion as a person interested in the estate of Herbert J. Meyer. A hearing on the motion initiated by Louis Kenion was held on May 5 and May 14, 1976. An order dated May 14, 1976, "overruling the motion” was made and entered. Among other findings, the court determined that Herbert J. Meyer was a resident of the State of Texas at the time of his death and at all times prior thereto and that Lillian Schwal is not disqualified from serving as administratrix.
On November 1, 1976, Frieda Rubenstein, through her counsel, advised the Texas court that she would no longer prosecute her petition for a writ of certiorari, in effect terminating her right of appeal.
The petitioner, in the current proceeding, seeks to remove Frieda Rubenstein as administratrix of the estate in New York on the grounds that the decedent was domiciled in the State of Texas and that Texas has appointed an administrator of the estate. At the request of this court the personal representative of the estate of Louis Kenion in Colorado voluntarily appeared and is now a party to this proceeding. Jennie Kenion, as personal representative of Louis Kenion, served and filed an answer in this proceeding, alleging, among other defenses, that the estate of Louis Kenion "was never joined or participated in” the Texas proceeding, and that as such, is not bound by the Texas order.
Under the full faith and credit clause of the United States Constitution, this court is bound by the determination of the Texas court on the question of domicile of Herbert J. Meyer, insofar as it pertains to Frieda Rubenstein. However, if juris *1054 diction over the estate of Louis Kenion was not properly obtained, said estate will not be bound by the domicile determination made in Texas.
Frieda Rubenstein’s appearance and litigation in Texas, even if done in her name as New York administratrix of the estate of Herbert J. Meyer, does not bind other persons interested in the New York estate. The full faith and credit clause will only bind Frieda Rubenstein herself as an individual interested in the Texas estate.
The question arises as to how assets are distributed when courts in two different States each determine that the decedent was domiciled in its State. The question was answered in Baker v Baker, Eccles & Co. (242 US 394). The dispute in Baker concerned a Tennessee administratrix and a Kentucky administratrix, each one having been appointed without jurisdiction having been obtained on the other. The court stated (pp 404-405): "How is it possible to judicially determine that domicile under the theory of the Kentucky Court, of Appeals in the case of an intestate entitled to personalty in several States having different laws of distribution, and with parties claiming to be distributees residing in different jurisdictions? Assuming a lawful grant of administration in each State wherein part of the personalty is located and some of the possible distributees reside, how, it is asked, is any one of these administrators, or any one of the claimants of a share in the whole estate, to have the place of the intestate’s domicile settled authoritatively and the lawful distributees ascertained? The answer is clear: Unless all possible distributees can be brought within the jurisdiction of a single court having authority to pass upon the subject-matter, either by service of process or by their voluntary appearance, it must in many cases be impossible to have a single controlling decision upon the question. In some cases, the ideal distribution of the entire personal estate as a unit may thus be interfered with; but whatever inconvenience may result is a necessary incident of the operation of the fundamental rule that a court of justice may not determine the personal rights of parties without giving them an opportunity to be heard.”
Before this court can determine whether or not the full faith and credit clause is binding on the estate of Louis Kenion, the court must first determine if the Texas court acquired jurisdiction of the estate of Louis Kenion. For these questions we must look first to the laws of the State of Texas. *1055 Although some of the applicable Texas statutes were set forth in the papers submitted on reargument of this motion, we are required to take judicial notice, without request, of the public law of sister States. (CPLR 4511, subd [a]; Martens v Bethel, 51 Misc 2d 202.)
It is not disputed that Louis Kenion appeared in and submitted himself to the jurisdiction of the Texas court. However, upon his death, the Texas court could not proceed without notice to the heirs, administrator or executor of such decedent.*
From the papers submitted on this motion, including copies of part of the testimony on the Texas "motion”, Frieda Ruben-stein was permitted to continue the motion initiated by Louis Kenion on the theory that she was a person interested in the estate of Herbert J. Meyer. The fact that she was a person interested in the estate of Herbert J. Meyer is irrelevant to the question of her being substituted in the Texas motion to represent the estate of Louis Kenion. Clearly, the Texas court did not follow its own rules on the death of a party. Not only was no fiduciary or personal representative of the estate of Louis Kenion substituted in the Texas proceeding, the Texas courts have held that the fiduciary to be substituted must be a Texas fiduciary (Eikel v Burton, 530 SW2d 907, 909 [Tex]). The record before this court indicates that the estate of Louis Kenion has one personal representative, namely Jennie Ken-ion, appointed in Colorado. (Cf. Matter of Einstoss, 26 NY2d 181, 189-190.)
Since Jennie Kenion as personal representative of the estate of Louis Kenion was not substituted for Louis Kenion in the *1056 Texas proceeding, the Texas determination of domicile is not binding on the estate of Louis Kenion. The estate of Louis Kenion, as a person interested in the estate of Herbert J. Meyer in New York, is entitled to a hearing in New York on the quesion of domicile. (Matter of Acheson, 28 NY2d 155.)
Having determined that the full faith and credit clause of the Constitution is applicable so as to bind Frieda Rubenstein, this court may revoke her letters pursuant to SCPA 711 (subd 4), even though the domicile allegations in the petition for letters of administration may have been made in good faith. Assuming her letters are revoked, this would still leave the issue of domicile unresolved as to the estate of Louis Kenion. It also leaves the question unresolved as to the New York State Tax Commission and any domiciliary creditors. The papers before the court do not state whether or not there are any creditors of the Herbert J. Meyer estate in New York.
The proceeding for letters of administration was not an accounting proceeding and did not determine who is to receive the assets of the estate. Revoking the letters issued to Frieda Rubenstein at this time would only require the appointment of an administrator de bonis non. The administrator de bonis non could be either Jennie Kenion, as the fiduciary of the estate of Louis Kenion (SCPA 1007, 1001) or the Rockland County Treasurer. If the court were to follow this procedure it would sidestep the actual question of domicile, leaving that to an accounting proceeding.
In the event that this court should determine that Herbert J. Meyer died domiciled in Texas, the letters may be revoked and there will be no need for an administrator de bonis non. Accordingly, even though Frieda Rubenstein personally is bound by the Texas domicile determination, she may continue to serve as the New York administratrix until a hearing is held in this court. We hasten to state that the effect of continuing Frieda Rubenstein as administratrix is not a determination of the question as to who shall participate in the estate distribution.
The petitioner is directed to serve a second supplemental citation on the New York State Tax Commission and any known creditors in the State of New York so as to make them parties to this proceeding. If there are no known creditors in the State of New York, an affidavit to that effect shall be submitted. Upon obtaining jurisdiction on the State Tax Com *1057 mission and all known creditors, a hearing will be scheduled on the issue of domicile.
The motion to reargue is granted. The prior decision of the court is recalled. Upon reargument, the motion for summary judgment is denied.

 Texas Rules of Civil Procedure Rule 151, "Death of Plaintiff”
“If the plaintiff dies, the heirs, or the administrator or executor of such decedent may appear and upon suggestion of such death being entered of record in open court, may be made plaintiff, and the suit shall proceed in his or their name. If no such appearance and suggestion be made at the first term of the court after the death of the plaintiff, the clerk upon the application of defendant, his agent or attorney, shall issue a scire facias for the heirs or the administrator or executor of such decedent, requiring him to appear and prosecute such suit. After service of such scire facias, should such heir or administrator or executor fail to enter appearance within the time provided,the defendant may have the suit discontinued.”
Rule 154, "Requisites of Scire Facias”
The scire facias and returns thereon, provided for in this section, shall conform to the requisites of citations and the returns thereon, under the provisions of these rules.”