OPINION OF THE COURT
Lee L. Holzman, J.
In this application for letters of administration, petitioner raises a question of apparent first impression as to the proper interpretation of SCPA 1001 (1) (f) (ii) (L 1992, ch 593, § 22, eff Sept. 1, 1992) which provides: "If the distributees are issue of grandparents, other than aunts or uncles, on only one side, then letters of administration shall issue to the public administrator or chief financial officer of the county.”
Petitioner, an alleged maternal first cousin of decedent, contends that decedent was survived by two maternal first cousins as distributees and that she might have been survived by a paternal first cousin, having the same name as decedent, whose whereabouts are unknown. Petitioner argues that SCPA 1001 (1) (f) (ii) only applies "when it is certain that nobody is alive on one side of the family”. He concludes that, inasmuch as it is known that decedent had a paternal first cousin and that the only remaining question is whether her whereabouts are unknown because her present residence cannot be located or because she died on some unknown date either prior or subsequent to the date of decedent’s death, he is entitled to letters of administration. The Public Administrator asserts in his objections that the statute dictates his appointment as the administrator unless it can be definitively established at this time that decedent was also survived by at least one paternal distributee.
SCPA 1001 (1) (f) (ii) was enacted in tandem with EPTL 4-1.1 (a) (6) which changed the laws of intestacy to provide that, where the decedent’s closest surviving relatives are grandparents or their issue and there are surviving distributees from both sides of the family, one half of the estate is distributed to the maternal grandparents or their issue by representation and the other half to the paternal grandparents or their issue by representation (L 1992, ch 595, § 8). Under the prior law the entire estate was distributed in equal shares to the relatives in nearest degree of kinship to the decedent regardless of whether they were maternal or paternal relatives. Thus, if decedent died intestate survived by two maternal first cousins and five paternal uncles, each cousin would receive 25% of the estate and each uncle 10% of the estate under the new law *1052 while the five uncles would have each received 20% of the estate and the cousins nothing under the prior law. Under both the new and the old law, if decedent was survived by only one side of the family, the entire estate can be distributed to that side of the family.
The change in the laws of intestacy with regard to the equal distributions to be made to the two sides of the family caused the Legislature to be concerned that a member from one side of the family might become the administrator without initially knowing about the other side of the family and that the administrator might thereafter fail to make a diligent search to ascertain whether there were any distributees surviving from the other side of the family. A successful diligent search would be against the self-interest of the administrator’s side of the family because, if no distributees on the other side of the family were found to have survived decedent, the administrator’s side of the family would receive the entire estate instead of only one half the estate. Furthermore, pursuant to the provisions of SCPA 2225, this could occur without it ever having been definitively established that no distributees survived from the other side of the family. SCPA 1001 (1) (f) (ii) addressed this concern by providing for the appointment of a disinterested public official as the administrator so that this official might safeguard the interests of the other side of the family by having access to all of the decedent’s papers and being able to expeditiously and diligently explore any leads that might result in ascertaining the entire family tree on both sides of the family (see, Turano, 1992 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 58A, SCPA 1001, 1993 Pocket Part).
To hold that the Public Administrator would only be entitled to priority in receiving letters if it were certain that there are no surviving paternal distributees would frustrate rather than promote the policy reasons underlying SCPA 1001 (1) (f) (ii). The need to provide safeguards for the interests of the paternal side of the family is clearly the same regardless of whether the lack of definitive knowledge about possible distributees on this side of the family flows from an uncertainty as to whether certain known individuals survived decedent or flows from a lack of knowledge as to whether decedent ever had any relatives other than grandparents on that side of the family. On the other hand, accepting petitioner’s interpretation of the statute would result in providing a safeguard for those who do not and never will exist because, by definition, *1053 there is no person on the paternal side of the family whose interest needs to be safeguarded if it can be definitively established that decedent was not survived by any paternal distributees.
The rule that legislative intent can be ascertained from the purpose which led to the passage of the statute dictates that SCPA 1001 (1) (f) (ii) be construed as requiring the appointment of the Public Administrator over the petitioner where, as here, it is not definitively known whether there are any surviving distributees on one side of the family (McKinney’s Cons Laws of NY, Book 1, Statutes § 92). Consequently, the objections are sustained and the petition is dismissed. Letters of administration shall issue to the Public Administrator upon his filing a petition requesting their issuance.
Notwithstanding the determination herein, petitioner’s argument highlights that consideration might be given to amending those provisions of SCPA 1001 (1) (f) (ii) which might be perceived as being both over- and under-inclusive in achieving the desired safeguards. If the statute is read literally, the Public Administrator, instead of a maternal cousin, would be entitled to receive letters even though the cousin is able to establish that decedent’s father was an only child, that both paternal grandparents predeceased decedent and that therefore there are no surviving paternal distributees whose interest would need to be safeguarded by the appointment of the Public Administrator. However, if the scenario were changed to provide that the maternal aunt knew nothing about the paternal side of the family, the statute grants letters to her notwithstanding the possible existence of paternal distributees whose interests would appear to need as much safeguarding from her self-interests in not finding them as they would need from the self-interest of a maternal first cousin.