■ KAREN ABRAMOVITZ on Behalf of Herself and All Others Similarly Situated, Appellant, v PARAGON SPORTING GOODS Co., INC., Respondent. [608 NYS2d 432] —Order, Supreme Court, New York County (Lewis Friedman, J.), entered December 9, 1992, which, *inter alia,* granted defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action and, upon a search of the record, summary judgment pursuant to CPLR 3212 and which denied plaintiff's cross motion seeking partial summary judgment on the first cause of action of the complaint and class action certification, unanimously affirmed, with costs.

Plaintiff, who, on January 18, 1992, purchased an exercise

bicycle at the advertised "sales" price of $199, rather than the "regular" price of $249, from the defendant, commenced the underlying proposed class action for, *inter alia,* false advertising and unfair and deceptive practices against the defendant on behalf of herself and all others similarly situated "who have purchased products of the defendant which have been sold at bogus and fictitious sales prices".

"Although on a motion addressed to the sufficiency of a complaint, the facts pleaded are presumed to be true and accorded every favorable inference * * * nevertheless, 'allegations consisting of bare legal conclusions, as well as factual claims either inherently incredible or flatly contradicted by documentary evidence are not entitled to such consideration.' " *(Mark Hampton, Inc. v Bergreen,* 173 AD2d 220, *lv denied* 80 NY2d 788.)

Upon examination of the record, we find that the IAS Court properly dismissed the complaint for false advertising and unfair and deceptive practices pursuant to General Business Law §§ 350 and 349 and for commercial bad faith in violation of article 2 of the Uniform Commercial Code, for failure to state a claim upon which relief can be granted since plaintiff failed to establish that the advertisements in question for the sale of defendant's products were misleading in a material respect and that the plaintiff was an injured person deceived or misled by the advertisements *(see, Geismar v Abraham & Straus,* 109 Misc 2d 495). Defendant has presented clear and convincing, unrefuted, documentary evidence, via sales slip duplicates, advertisements, and computer information, supported by an affidavit of its sales manager, that the "regular" and "sales" prices for the item purchased by the plaintiff were bona fide prices and that the defendant did not engage in false advertising or deceptive acts thus eliminating the necessity for any further discovery *(see, Pancake v Franzoni,* 149 AD2d 575, 576).

In addition, the plaintiff has neither pleaded nor proven that she has suffered any actual damages as a direct result of the alleged statutory violations.

Moreover, the third cause of action for "commercial bad faith" in violation of article 2 of the Uniform Commercial Code, which is premised upon the same factual basis as the first two causes of action, does not state a viable cause of action under New York law since bad faith, in and of itself, does not, under the UCC, provide an independent basis for recovery *(Quail Ridge Assocs. v Chemical Bank,* 162 AD2d 917, 919, *lv dismissed* 76 NY2d 936).

Nor did the IAS Court commit reversible error in granting summary judgment in defendant's favor dismissing the complaint upon plaintiff's cross motion for partial summary judgment since the court, upon a summary judgment motion, may search the record and grant judgment to the non-moving party without necessity of notice or cross motion (CPLR 3212 [b]).

Finally, the dismissal of the plaintiff's individual causes of action under General Business Law §§ 349 and 350 and UCC article 2 as devoid of merit also mandated dismissal of the class action claims herein as moot.

We have reviewed the plaintiff's remaining claims and find them to be without merit. Concur—Sullivan, J. P., Ross, Asch, Rubin and Tom, JJ.