*761 OPINION OF THE COURT
Renee R. Roth, S.
The issue before the court is whether under the recent amendments to our laws of intestate distribution the Public Administrator has priority to receive letters of administration where one side of the decedent’s family is represented by an aunt (or uncle) and the other side is unknown.
In 1992, the Legislature significantly changed the statute governing distribution by intestacy (L 1992, ch 595, § 8) to provide that where decedent’s closest surviving relatives are grandparents or their issue on both sides of the family, decedent’s estate shall be distributed, by representation, one-half to the maternal side and one-half to the paternal side (EPTL 4-1.1 [a] [6]). Under prior law, the entire estate would have been distributed equally to the distributees in the nearest degree of kinship to the decedent.
Decedent, Curtis Drumheller, was allegedly survived by relatives on his father’s side of the family, namely seven aunts and uncles and four cousins (children of two predeceased uncles).
The Public Administrator contends that by virtue of SCPA 1001 (1) (f) (ii), letters of administration must be issued to her because only one side of decedent’s family is represented before the court. Such statute provides that "[i]f the distributees are issue of grandparents, other than aunts or uncles, on only one side, then letters of administration shall issue to the public administrator” (emphasis added). The Public Administrator’s reliance on this statute is misplaced as it clearly directs that letters issue to her only where petitioners are cousins on one side of decedent’s family.
The Public Administrator also points to Matter of Giganti (158 Misc 2d 1050), where Surrogate Holzman declined to grant letters of administration to an alleged maternal first cousin who contended that decedent was also survived by a paternal cousin whose whereabouts were unknown. But in that case, the Surrogate, citing SCPA 1001 (1) (f) (ii), observed that letters could not issue to the petitioning cousin because there were no known claimants on the other side of decedent’s family. He further observed that, after providing for intestate distribution to be made equally to both sides of decedent’s family, the Legislature was concerned that if a member of one side of decedent’s family was appointed administrator, he or she would have no incentive to seek out distributees on the *762 other side because a successful search would reduce the share of the fiduciary’s side of the family. If no distributees were found on the other side of the family, the administrator’s side would receive the entire estate rather than only one half of the estate.
Because of this concern, the Legislature, when only one side of the decedent’s family is represented, limited the instances where issue of grandparents could serve as fiduciaries, namely where there are aunts or uncles. With more remote relatives, the statute provides for the appointment of a disinterested public official as administrator to make a diligent search for decedent’s closest relatives on both sides of his or her family tree.
Inconsistently, such concern is not satisfied where petitioner is an aunt or uncle, who is apparently entitled to letters regardless of whether any one is present on the other side of the family. Such is the case in this estate. Under the statute, the court is required to grant letters of administration to decedent’s paternal uncle. But that same concern for a diligent search for the other side of the family exists here. It is observed that the issuance of letters in cases where only one side of the family is present does not supersede the necessity for a proceeding under SCPA 2225, which provides that if after a diligent search, no other distributees were ascertained and more than three years have elapsed since decedent’s death, distribution may be made to those distributees who are known to the court.
Based upon the foregoing, to ensure that the administrator will make the requisite diligent search for relatives on the other side of the decedent’s family, the letters that issue to an aunt or uncle will direct that the fiduciary post a bond, refrain from making distribution of more than one half of the estate without further order of the court and file an account within one year, at which time process shall issue to all unknown distributees for whom a guardian ad litem shall be appointed (see, SCPA 1003 [4]). In this way, the interest of unknown distributees will be safeguarded.