OPINION OF THE COURT
Robert J. Lunn, J.
Plaintiff, Louis Noce, commenced an action against the named defendants for personal injuries alleged to have been sustained by him during the course of his employment with Western Regional OTB. At all relevant times, plaintiff was an employee of Western Regional OTB offices located at the Suburban Plaza, East Henrietta Road, Henrietta, New York. Plaintiff alleges that during the course of his employment at the OTB parlor certain construction in the nature of remodeling work was undertaken by the defendant owner, Wilmorite, Inc. and Suburban Plaza Associates, and the various defendant contractors. Plaintiff alleges that the construction period occurred over several months in the fall of 1990 and winter of 1991, including the month of January 1991. Plaintiff states that he was required to work at the OTB parlor for a minimum of 40 hours per week and that during the construction period the defendants negligently failed to properly prepare the premises for the expansion work; that as a consequence thereof, plaintiff claims he suffered from hypothermia, developed pneumonia, and was rendered totally disabled due to an aggravation of the COPD and the resulting cor-pulmonale.
Defendants have collectively moved for an order granting summary judgment in their favor pursuant to CPLR 214 (5); 3211 (a) (5) and 3212. Defendants argue that plaintiff’s claim that he was caused to sustain hypothermia and pneumonia due to a lack of heat in the facility while construction was taking place is time barred by the applicable Statute of Limitations and they are therefore entitled to judgment as á matter of law.
The essence of plaintiff’s complaint is that he sustained injuries as a result of defendants’ negligence in permitting the *105 work area in the OTB facility to become unreasonably cold during the renovations which occurred during the fall of 1990 and winter of 1991. Specifically, it was alleged that defendant Ogden’s General Construction improperly constructed and maintained a plastic barrier which permitted cold air to come through an opening in the common wall into plaintiff’s work area.
For purposes of this motion, it is incumbent upon the plaintiff to show that the alleged negligent acts of the defendants occurred on or after January 20, 1991 so as not to be time barred. The allegation by plaintiff that the thermostat continued to malfunction "into January '91” in the court’s opinion lacks sufficient specificity to create the necessary material issue of fact with respect to when construction was actually completed. A malfunctioning thermostat does not necessarily equate with "continued construction” beyond January 20, 1991. Negligent construction and the "failure to properly prepare the premises for the expansion work”, and permitting the area to become cold during construction, are the essential elements of plaintiff’s negligence claim. Defendants in support of their motion have presented evidence that this construction was in fact completed in December 1990. Accordingly, the three-year negligence Statute of Limitations ran prior to commencement of plaintiff’s action.
Alternatively, plaintiff argues that his claim falls within the ameliorative provisions and protections of CPLR 214-c. CPLR 214-c provides in pertinent part as follows:
"1. In this section: 'exposure’ means direct or indirect exposure by absorption, contact, ingestion, inhalation, implantation or injection.
"2. Notwithstanding the provisions of section 214, the three year period within which an action to recover damages for personal injury or injury to property caused by the latent effects of exposure to any substance or combination of substances, in any form, upon or within the body or upon or within property must be commenced shall be computed from the date of discovery of the injury by the plaintiff or from the date when through the exercise of reasonable diligence such injury should have been discovered by the plaintiff, whichever is earlier.”
CPLR 214-c essentially provides a discovery Statute of Limitations rule to revive certain claims and causes of action which would otherwise be time barred. It allows for the injured party to recover for injuries caused by the latent effect of exposure to *106 a substance. The action must be commenced within three years from the date of discovery of injury or within three years from the date such injury should have been discovered through the exercise of reasonable diligence, whichever is earlier.
Upon review of the legislative history of this statute, it is clear to this court that the purpose of the new provision was to provide for a three-year discovery Statute of Limitations for injuries caused by the latent effects of exposure to toxic or harmful substances which often do not materialize for many years after exposure. Senate Bill 9391-A described the proposed legislation as: "an act to amend the civil practice law and rules and court of claims act, in relation to statute of limitations and liability for damages caused by the latent effects of exposure to certain substances or materials and in relation to certain verdicts and decisions regarding personal injury and property damage in review thereof.” (L 1986, ch 682.)
A memorandum filed by Senator Ronald B. Stafford with Senate Bill 9391-A states that the provision was passed to remedy the injustices otherwise suffered by victims exposed to toxic or harmful substances such as DES, tungsten-carbide, asbestos, chlordane or polyvinylchloride. Finally, the Governor’s Memorandum dated July 30, 1986 states that:
"This measure, commonly referred to as the 'Toxic Torts’ bill, remedies a fundamental injustice in the laws of our State which has deprived persons suffering from exposure to toxic or harmful substances from having an opportunity to present their case in court * * *
"Most importantly, this measure remedies the injustices suffered by all of the currently known categories of victims of exposure to toxic or harmful substances. These include persons who have suffered serious injuries as a result of exposure to * * * DES, tungsten-carbide, asbestos, chlordane or polyvinyl chloride and have been deprived of access to the courts because their claims were time barred”. (Governor’s Mem approving L 1986, ch 682, 1986 McKinney’s Session Laws of NY, at 3182-3183.)
It is apparent that only exposure to certain types of toxic or harmful substances can qualify a claimant for the protections of CPLR 214-c. As stated by the Court of Appeals, "in construing the words of a statute '[the] legislative intent is the great and controlling principle.’ * * * Indeed, 'the general purpose is a more important aid to the meaning than any rule which grammar or formal logic may lay down’ ” (Braschi v Stahl Assocs. Co., 74 NY2d 201, 207-208 [1989] [citations omit *107 ted]). This court holds that "cold air” is not a substance or material which would fall within the ambit of CPLR 214-c. Plaintiffs physician in fact testified at the workers’ compensation hearing that there is insufficient medical literature or data to support the proposition that cold air can produce pneumonia in the first instance. Additionally, while it is obvious that cold air can cause hypothermia, the effects are immediate and obvious to the person experiencing the same and could not be characterized as latent. Finally, based upon the evidence before the court for purposes of this motion, it appears that the plaintiff was fully aware of his alleged injury prior to January 20, 1991, but failed to commence his action prior to January 20, 1994 — i.e., recognizing the discovery provisions of CPLR 214-c, his claim would have in any event been time bárred. For the purpose of CPLR 214-c (2), the "discovery of the injury” does not depend upon discovery of the cause of the injury. Plaintiff need only discover that he has in fact been injured. (Johnson v Ashland Oil, 195 AD2d 980 [4th Dept 1993]; Lechowicz v Consolidated Rail Corp., 190 AD2d 998 [4th Dept 1993].)
Although defendant G & I Mechanical, Inc. did not actually move for summary judgment, the court is entitled to search the record and grant the relief in favor of a nonmoving party. (CPLR 3212 [b]; Abramovitz v Paragon Sporting Goods Co., 202 AD2d 206 [1st Dept 1994].)
For the foregoing reasons, this court concludes that plaintiffs action against all of the named defendants is in fact time barred pursuant to CPLR 214 and 214-c and defendants’ motion for summary judgment dismissing the complaint is in all respects granted without costs.
[Portions of opinion omitted for purposes of publication.]