■ PUBLIC ADMINISTRATOR OF KINGS COUNTY, Respondent, v CANADA DRY BOTTLING COMPANY OF NEW YORK, Appellant, et al., Defendant. (And a Third-Party Action.) [790 NYS2d 711]—

In an action, inter alia, to recover damages for wrongful death, the defendant Canada Dry Bottling Company of New York appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Douglass, J.), dated September 14, 2004, as granted that branch of the plaintiff's motion which was to strike its affirmative defense of the statute of limitations with respect to the wrongful death cause of action and denied its cross motion to dismiss that cause of action insofar as asserted against it as time-barred.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the branch of the motion which was to strike the appellant's statute of limitations defense with respect to the wrongful death cause of action is denied, the cross motion is granted, and that cause of action is dismissed insofar as asserted against the appellant.

The appellant made a prima facie showing of entitlement to judgment as a matter of law dismissing the plaintiff's wrongful death cause of action by demonstrating that this action was not commenced until November 27, 2002, more than two years after the decedent died. The decedent was survived by an adult son who was qualified to petition for letters of administration, who in fact did so (*see* EPTL 5-4.1; *Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *Ratka v St. Francis Hosp.,* 44 NY2d 604 [1978]). In opposition, the plaintiff failed to raise a triable issue of fact. She claimed that the two-year statute of limitations was tolled while the adult son applied to the Surrogate's Court,

Kings County, for letters of administration. The Public Administrator objected to the son's petition, due to alleged confusion which might have arisen from what she claimed to be the existence of two women purporting to be the surviving spouse of the decedent. As a result, the Surrogate's Court appointed the Public Administrator of Kings County as the administrator of the decedent's estate, and letters of administration were issued on May 3, 2002, more than six months prior to the expiration of the wrongful death statute of limitations. Nevertheless, as noted, the Public Administrator did not interpose the wrongful death cause of action against the appellant until after the statute of limitations expired.

Contrary to the plaintiffs' contention, the two-year statute of limitations was not tolled during the pendency of the application for letters of administration. Her reliance on *Hernandez v New York City Health & Hosps. Corp.* (78 NY2d 687 [1991]), is misplaced, as in that case, the decedent was survived by only one distributee, who was an infant, who could not apply for letters of administration until a guardian was appointed to act in his stead. Accordingly, under the particular facts of that case, the Court of Appeals applied the infancy toll of CPLR 208 and held that the wrongful death statute of limitations was tolled until the infant distributee reached the age of majority, or a guardian was appointed, whichever first occurred. In this case, as noted, the decedent was survived by an adult son, who in fact applied for letters of administration. Accordingly, the toll recognized in *Hernandez* was not applicable here, and the Supreme Court should have denied that branch of the plaintiff's motion which was to strike the appellant's affirmative defense of the statute of limitations with respect to the wrongful death cause of action, and should have granted the appellant's cross motion to dismiss that cause of action insofar as asserted against it. H. Miller, J.P., Adams, Goldstein and Spolzino, JJ., concur.