■ HAROLD WILSON et al., Appellants, v NEW YORK CITY HEALTH AND HOSPITALS CORP., Respondent. [829 NYS2d 178]—

In an action to recover damages for medical malpractice and wrongful death, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Steinhardt, J.), dated September 12, 2005, which granted the defendant's motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred, and denied their cross motion to hold the motion in abeyance pend-

ing review by the New York Court of Appeals of an appeal in an action entitled *Public Adm'r of Kings County v Canada Dry Bottling Co. of N.Y.* (16 AD3d 397 [2005]).

Ordered that the order is affirmed, with costs.

On April 7, 2002 Nisha Wilson (hereinafter Nisha), an infant, died, allegedly as the result of medical malpractice committed by the employers of a hospital owned and operated by the defendant. On July 28, 2004, more than two years later, the plaintiffs commenced this action to recover damages, inter alia, for medical malpractice and wrongful death. The Supreme Court granted the defendant's motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred and denied the plaintiffs' cross motion to hold the motion in abeyance. We affirm.

The plaintiffs do not dispute that, in the absence of a toll, this action was not commenced within the time periods set forth in the relevant statutes of limitation (*see* McKinney's Uncons Court Laws of NY § 7401 [2]; Public Authorities Law § 2981; *Jones v City of New York*, 300 AD2d 359 [2002]; *Mignott v New York City Health & Hosps. Corp.*, 250 AD2d 165 [1998]). Rather, they argue, a toll should be applied for the period that the application of the administrator for Nisha's estate for letters of administration was pending. However, this Court recently held that there is no toll for that period of time (*see Public Adm'r of Kings County v Canada Dry Bottling Co. of N.Y.* (16 AD3d 397 [2005]). Contrary to the plaintiffs' assertions both before the Supreme Court and on appeal, *Public Adm'r of Kings County v Canada Dry Bottling Co. of N.Y.* (*supra*) is not currently before the Court of Appeals for review. Thus, the plaintiffs' cross motion to hold the determination of the motion in abeyance pending such review was properly denied.

Finally, Nisha was survived by adult distributees, and the plaintiffs failed to demonstrate that none were eligible to receive letters of administration (*see* EPTL 1-2.4, 1-2.13, 4-1.1; *Matter of Drumheller*, 163 Misc 2d 760 [1995]; *Matter of Meyer*, 93 Misc 2d 1051 [1978]). Indeed, letters of administration were issued on June 13, 2003 prior to the expiration of either of the relevant statutes of limitation. Thus, the toll announced in *Hernandez v New York City Health & Hosps. Corp.* (78 NY2d 687 [1991]) is not applicable (*see e.g. Public Adm'r of Kings County v Hossain Constr. Corp.*, 27 AD3d 714 [2006]; *Public Adm'r of Kings County v Canada Dry Bottling Co. of N.Y., supra*). Miller, J.P., Spolzino, Ritter and Dillon, JJ., concur.