OPINION OF THE COURT
Diana A. Johnson, S.
In this contested administration proceeding, the petitioner, Gordon Calundann (Calundann) seeks letters of administration. Calundann alleges that he along with his brother, Philip Calun *552 donn, are the paternal first cousins of the decedent and the sole distributees of this estate. Calundann avers that he has full knowledge of the decedent’s family tree and that there are no surviving distributees on the maternal side of the decedent’s family.
The Public Administrator of Kings County has filed objections and claims a prior right to letters of administration pursuant to SCPA 1001 (1) (f) (ii), as the petitioner alleges surviving distributees on only one side of the decedent’s family.
Calundann has now filed a motion for an order pursuant to CPLR 3211 dismissing the Public Administrator’s objections and CPLR 3212 granting summary judgment and letters of administration to him. The Public Administrator opposes the motion.
It is well settled that summary judgment may be granted only where it is clear that no triable issue of fact exists (Alvarez v Prospect Hosp., 68 NY2d 320 [1986]; Phillips v Kantor & Co., 31 NY2d 307 [1972]). The key to summary judgment is issue finding rather than issue determination (Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395 [1957]). Consequently, it is incumbent upon the movant to make a prima facie showing that he or she is entitled to summary judgment as a matter of law (CPLR 3212 [b]; Zuckerman v City of New York, 49 NY2d 557 [1980]; Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065 [1979]; Zarr v Riccio, 180 AD2d 734 [2d Dept 1992]).
The issue currently before the court is whether SCPA 1001 (1) (f) (ii) mandates the appointment of the Public Administrator in this estate. Surrogate’s Court Procedure Act § 1001 was amended in 1992 in tandem with EPTL 4-1.1 (see Matter of Giganti, 158 Misc 2d 1050 [Sur Ct, Bronx County 1994]). Estates, Powers and Trusts Law § 4-1.1 was amended to provide that where the decedent’s distributees are grandparents or their issue, one half of the decedent’s estate shall be distributed to the maternal side and one half to the paternal side (see EPTL 4-1.1 [a] [6]).
Surrogate’s Court Procedure Act § 1001 was amended to correspond with the distributive alterations codified in EPTL 4-1.1 by providing for the appointment of an independent fiduciary (the Public Administrator) to ensure that a diligent search is made to locate all distributees on both sides of the family in circumstances where the decedent is survived by cousins on only one side of the family (see Turano, Practice Commentaries, McKinney’s Cons Laws of NY, Book 17B, EPTL 4-1.1; Matter of Giganti, 158 Misc 2d 1050 [1994]).
*553 Surrogate’s Court Procedure Act § 1001 (1) (f) (ii) provides, in pertinent part: “If the distributees are issue of grandparents, other than aunts or uncles, on only one side, then letters of administration shall issue to the public administrator or chief financial officer of the county.”
As quoted, the statute appears to mandate the appointment of the Public Administrator, in circumstances such as this proceeding where the only known distributees are first cousins on only one side of the decedent’s family. The petitioner argues that the purpose of the statute is to ensure that the interest of the nonrepresented side of the decedent’s family is safeguarded. As he knows that there are no surviving distributees of the maternal side of decedent’s family, there is nothing to safeguard and thus no need to appoint the Public Administrator.
This court disagrees.
“It is an elementary principle of statutory construction that courts may only look behind the words of a statute when the law itself is doubtful or ambiguous ... If, as here, the terms of a statute are plain and within the scope of legislative power, it declares itself and there is nothing left for interpretation. To permit a court to say that the law must mean something different than the common import of its language would make the judicial superior to the legislative branch of government and practically invest it with lawmaking power.” (See Finger Lakes Racing Assn, v New York State Racing & Wagering Bd., 45 NY2d 471, 480 [1978].)
The plain language of SCPA 1001 (1) (f) (ii) mandates the appointment of the Public Administrator in this estate. Calundann has averred that there are no known surviving distributees on the maternal side of decedent’s family, bringing this matter squarely under the circumstances enunciated by the statute (see Estate of Thompson, NYU, Oct. 22, 1997, at 30, col 4 [Sur Ct, Bronx County]). Thus under this court’s plain reading of the statute and under the circumstances of this proceeding, the Public Administrator is entitled to letters of administration. Accordingly, the motion of Calundann is denied in its entirety.
However, CPLR 3212 (b) authorizes the court, upon a motion for summary judgment, to search the record and grant a nonmovant summary judgment without giving prior notice to the parties (Backer v Bouza Falco Co., 28 AD3d 503 [2d Dept 2006]; *554 Abramovitz v Paragon Sporting Goods Co., 202 AD2d 206 [1st Dept 1994]; Cellular Tel. Co. v Village of Tarry town, 209 AD2d 57 [2d Dept 1995]). After searching the record, it is clear SCPA 1001 (1) (f) (ii) is applicable in this proceeding. Therefore, the court on its own motion, and upon searching the record, must grant summary judgment in favor of the Public Administrator.
Accordingly, the court’s motion for summary judgment pursuant to CPLR 3212 (b) is granted in favor of the Public Administrator. Letters of administration shall issue to the Public Administrator.