■ RAMON CANCEL, Appellant, v JONATHAN POSNER et al., Respondents. [918 NYS2d 492]—

It is undisputed that the medical malpractice claim was viable on the date of decedent's death on June 12, 2006. Pursuant to CPLR 210 (a), plaintiff had until June 12, 2007 to bring the claim on decedent's behalf. Plaintiff did not commence this action until October 2007, four months after the expiration of the statute of limitations. We reject plaintiff's contention that the statute of limitations should have been tolled while his petition for letters of administration was pending in the Surrogate's Court (*see Wilson v New York City Health & Hosps. Corp.*, 36 AD3d 902, 903 [2007]). Plaintiff filed his petition on April 23, 2007, 10 months after the decedent's death, and only two months before the statute of limitations was set to expire on the

medical malpractice claim. Plaintiff did not obtain the letters and commence this action until after the expiration of the statute of limitations. Under the circumstances, there is no statutory remedy for tolling the statute of limitations (*cf. Bernardez v City of New York*, 100 AD2d 798 [1984]). Concur—Tom, J.P., Andrias, Sweeny, Moskowitz and Renwick, JJ.