In an action to recover damages for medical malpractice and wrongful death, the plaintiff appeals from an order of the Supreme Court, Queens County (O’Donoghue, J.), dated December 15, 2011, which denied his motion pursuant to CFLR *781 306-b to extend the time to serve the summons and complaint upon the defendants and granted the cross motion of the defendants New York City Health and Hospitals Corporation (Bellevue Hospital Center and Queens Hospital Center), Ellie Grossman, and Danielle Williams, inter alia, pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against them as time-barred.
Ordered that the order is affirmed, with costs.
The plaintiffs decedent, Simrandeep Kaur (hereinafter the decedent), died on November 27, 2008, while she was a patient at a hospital operated by the defendant New York City Health and Hospitals Corporation (Bellevue Hospital Center and Queens Hospital Center) (hereinafter the HHC). On December 13, 2010, the plaintiff commenced this action to recover damages for medical malpractice and wrongful death against, among others, the HHC. Thereafter, by notice of motion dated May 9, 2011, the plaintiff moved pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendants. The HHC and the defendants Ellie Grossman and Danielle Williams (hereinafter collectively the Hospital defendants) cross-moved, inter alia, pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against them as time-barred. In the order appealed from, the Supreme Court denied the plaintiffs motion and granted the Hospital defendants’ cross motion.
A defendant who seeks dismissal of a complaint pursuant to CPLR 3211 (a) (5) on the ground that it is barred by the statute of limitations bears the initial burden of proving, prima facie, that the time in which to sue has expired (see Benjamin v Keyspan Corp., 104 AD3d 891 [2013]). The burden then shifts to the nonmoving party to raise a question of fact as to the applicability of an exception to the statute of limitations, as to whether the statute of limitations was tolled (see Shalik v Hewlett Assoc., L.P., 93 AD3d 777, 778 [2012]), or as to whether the action was actually commenced within the applicable limitations period (see Williams v New York City Health & Hosps. Corp., 84 AD3d 1358 [2011]).
In support of their cross motion to dismiss the complaint insofar as asserted against them, the Hospital defendants met their initial burden of establishing, prima facie, that the complaint was time-barred, in that the medical malpractice cause of action was interposed more than one year and 90 days after the decedent’s death (see McKinney’s Uncons Laws of NY § 7401 [2] [New York City Health and Hospitals Corporation Act § 20, as added by L 1969, ch 1016, § 1, as amended]), and *782 the wrongful death cause of action was interposed more than two years after decedent’s death (see Public Authorities Law § 2981).
In opposition, the plaintiff failed to raise a question of fact as to whether the statute of limitations was tolled. The plaintiffs contention that the waiting period pursuant to General Municipal Law § 50-h for him to comply with the HHC’s examination request before commencing this action tolled the statute of limitations pursuant to CPLR 204 (a) is without merit, as the Legislature did not intend to extend the limitations period by the inclusion of that statutory waiting period (see Baez v New York City Health & Hosps. Corp., 80 NY2d 571, 577 [1992]; Cinqumani v County of Nassau, 28 AD3d 699, 701 [2006]; Mignott v New York City Health & Hosps. Corp., 250 AD2d 165, 171 [1998]). Likewise without merit is the plaintiffs contention that the period between December 30, 2008, when he filed a petition to obtain limited letters of administration for the decedent’s estate, and January 27, 2009, when the Surrogate’s Court granted that petition, tolled the limitations period (see Cancel v Posner, 82 AD3d 575 [2011]; Wilson v New York City Health & Hosps. Corp., 36 AD3d 902, 903 [2007]; Public Adm’r of Kings County v Canada Dry Bottling Co. of N.Y., 16 AD3d 397, 397-398 [2005]; Hammie v City of New York, 143 AD2d 805, 806 [1988]; cf. Hernandez v New York City Health & Hosps. Corp., 78 NY2d 687 [1991]). Therefore, the Supreme Court properly granted the Hospital defendants’ cross motion, inter alia, pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against them as time-barred.
Further, the Supreme Court properly denied the plaintiffs motion pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendants inasmuch as the plaintiff commenced this action after the expiration of the statute of limitations period and, as a result, the filing of the complaint was a nullity (see Gonzalez v New York City Health & Hosps. Corp., 29 AD3d 369, 370 [2006]; see also Baptiste v “John Doe”, 89 AD3d 436 [2011]; see generally Slate v Schiavone Constr. Co., 4 NY3d 816, 817 [2005]).
The plaintiff’s remaining contentions are without merit. Balkin, J.P., Leventhal, Sgroi and Miller, JJ., concur.