Xenias v Mount Sinai Health Sys. Inc. (2021 NY Slip Op 00648)





Xenias v Mount Sinai Health Sys. Inc.


2021 NY Slip Op 00648


Decided on February 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 04, 2021

Before: Gische, J.P., Kapnick, Mazzarelli, Moulton, JJ. 


Index No. 100960/16 Appeal No. 13039-13039A Case No. 2019-2725 2019-21169 

[*1]Anastasia Xenias, as Administrator of the Estate of Mike S. Xenias, Plaintiff-Appellant,
v
Mount Sinai Health System Inc. et al., Defendants-Respondents.


Anastasia Xenias, PhD, appellant pro se.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for Mount Sinai Health System Inc., The Roosevelt Hospital and The St. Lukes' Roosevelt Hospital Center, respondents.
Heidell, Pittoni, Murphy & Bach, LLP, New York (Daniel S. Ratner of counsel), for Lenox Hill Hospital and Northwell Health Inc., respondents.



Order, Supreme Court, New York County (Martin Shulman, J.), entered October 1, 2018, which, insofar as appealed from, granted the converted motions by defendants Mount Sinai Health System Inc., The Roosevelt Hospital d/b/a Mount Sinai West, and The St. Luke's-Roosevelt Hospital Center and defendants Northwell Health Inc. and Lenox Hill Hospital for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs. Order, same court and Justice, entered July 2, 2019, which, insofar as appealed from as limited by the briefs, denied the branch of plaintiff's motion seeking to renew, granted the branch of the motion seeking to reargue, and, upon reargument, adhered to the prior determination, unanimously affirmed, without costs.
The action was correctly dismissed on the ground that all of plaintiff's claims are time-barred. The two-year statute of limitations for the wrongful death claim expired before the complaint was filed (see EPTL 5-4.1). Plaintiff's remaining allegations are best characterized as asserting a claim for medical malpractice and therefore subject to a 2½-year statute of limitations, which also expired (see CPLR 214-a).
Plaintiff does not meaningfully dispute that, to the extent her claim is based on first responders' alleged improper treatment of the decedent, such treatment involves specialized medical knowledge and bears a substantial relationship to the rendition of medical treatment, and therefore a medical malpractice framework should be applied (see generally Weiner v Lenox Hill Hosp., 88 NY2d 784, 787-788 [1996]; Rabinovich v Maimonides Med. Ctr., 179 AD3d 88, 93-94 [2d Dept 2019]). To the extent plaintiff's claim is based on defendants' delays in arriving at the scene, it still sounds in medical malpractice, as such issues of "response time . . . speak[] directly to the question of patient care, which[,] in turn, bears a substantial relationship to a patient's over-all medical treatment" (Zellar v Tompkins Community Hosp., 124 AD2d 287, 289 [3d Dept 1986]).
Plaintiff's argument that the limitations periods applicable to her claims should have been tolled until she was granted letters of administration is not properly before us, because it was raised for the first time on reargument/renewal and was not based on new facts or a change in the law. In any event, this argument is unavailing. It is simply not the rule that the statute of limitations is tolled while a petition for letters of administration is pending (see Singh v New York City Health & Hosps. Corp. [Bellevue Hosp. Ctr. & Queens Hosp. Ctr.], 107 AD3d 780, 782 [2d Dept 2013]; Cancel v Posner, 82 AD3d 575 [1st Dept 2011]). Plaintiff's reliance on CPLR 210(c) is misplaced, as that provision addresses only actions involving "personal property wrongfully taken after the death and before the issuance of letters," and is not applicable here. Plaintiff's reliance on EPTL 11-3.2(b) and 11-3.3 is likewise misplaced, as neither provision authorizes [*2]the tolling of any otherwise applicable limitations period.
In view of our disposition of these issues, we need not reach the issue of proximate causation.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 4, 2021