## Security Natl. Ins. Co. v Lynch Outdoor Servs. LLC

2025 NY Slip Op 31604(U)

May 2, 2025

Supreme Court, New York County

Docket Number: Index No. 655493/2023

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

|  |  |  |  |
|---|---|---|---|
| **PRESENT:** | **HON. LYLE E. FRANK** | **PART** | **11M** |
|  | *Justice* |  |  |

-------------------------------------------------------------------------------X

SECURITY NATIONAL INSURANCE COMPANY,

                    Plaintiff,

            - v -

LYNCH OUTDOOR SERVICES LLC,B.C.G. REALTY, INC.,COURTNEY JACKSON

                    Defendant.

-------------------------------------------------------------------------------X

| **INDEX NO.** | 655493/2023 |
|---|---|
| **MOTION DATE** | 01/15/2025 |
| **MOTION SEQ. NO.** | 002 |

### DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 002) 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101

were read on this motion to/for          SUMMARY JUDGMENT(AFTER JOINDER    .

      Upon the foregoing documents, plaintiff's motion for summary judgment is granted.

Background[1]

      This is a declaratory judgment action.  Security National Insurance Company ("plaintiff") is seeking a declaration that the insurance policy issued does not mandate coverage to the insured, Lynch Outdoor Services LLC ("defendant") for an underlying personal injury action commenced against defendant.

      Plaintiff issued an insurance policy to defendant, effective from March 6, 2020, to March 6, 2021. The policy provides coverage for defendant's business described as "Landscaping Gardening."

      On March 10, 2021, Courtney Jackson commenced an action against defendant and others, for injuries he allegedly sustained on September 23, 2020, at the asphalt parking lot of a

---

[1] The facts as summarized by the Court in its decision and order dated July 11, 2024.

**655493/2023 Motion No.  002**                         **Page 1 of 4**

Rite Aid pharmacy in Brooklyn, New York. The complaint in the underlying action alleges that the accident was caused due to defendants' failure "to maintain and repair the Premises in reasonably safe and suitable condition and repair." In his bill of particulars, Jackson states that he tripped and fell due to a "pothole" either caused and created by defendants or that existed for such period of time in that defendants knew or should have known of its existence and defendants failed to repair same.

Defendant filed a claim with plaintiff for coverage in the underlying action commenced by Jackson. By letter dated May 7, 2021, plaintiff advised defendant that the claims in the underlying action were not covered under the subject policy. However, plaintiff stated that it would nonetheless defend defendant "through assigned counsel, subject to resolution of a declaratory-judgment action that we will commence against you to confirm the propriety of our disclaimer. If the court confirms that we have no duty to defend or indemnify you, then counsel will be asked to withdraw, and you will be obligated to obtain your own defense counsel."

Defendant previously moved for dismissal and plaintiff cross moved for summary judgment, however those motions were denied. Plaintiff now moves for summary judgment, as issue has now been joined, and dismissal of the asserted counterclaims. Defendant Jackson has not appeared in this action.

Standard of Review

It is a well-established principle that the "function of summary judgment is issue finding, not issue determination." *Assaf v Ropog Cab Corp.*, 153 AD2d 520, 544 [1st Dept 1989]. As such, the proponent of a motion for summary judgment must tender sufficient evidence to show the absence of any material issue of fact and the right to entitlement to judgment as a matter of law. *Alvarez v Prospect Hospital*, 68 NY2d 320, 501 [1986]; *Winegrad v New York University*

[* 2]

*Medical Center*, 64 NY 2d 851 [1985]. Courts have also recognized that summary judgment is a drastic remedy that deprives a litigant of his or her day in court. Therefore, the party opposing a motion for summary judgment is entitled to all favorable inferences that can be drawn from the evidence submitted.

Discussion

Preliminarily, the Court rejects defendant's contention that plaintiff's motion is lacking the appropriate evidentiary support. Plaintiff's motion for summary judgment cites to the affidavit William Richardson, the claims administrator for plaintiff, that was submitted on its prior motion. This Court is permitted to search the record on a motion for summary judgment (*see* CPLR § 3212 (b); *Abramovitz v Paragon Sporting Goods Co.*, 202 AD2d 206, 208 [1st Dept 1994]).

As to defendant's third counterclaim alleging unjust enrichment, that counterclaim is dismissed. There is no dispute that the instant action involves, solely, an insurance contract between the parties. Moreover, defendant has not asserted any factual allegations or specified damages distinct from its breach of contract counterclaim. Defendants fourth and fifth counterclaims, alleging bad faith and deceptive practices and advertising, fail to state a claim upon which relief can be granted. Neither the fourth nor fifth counterclaims allege any specific factual allegations and material misrepresentations allegedly made, thus these counterclaims are dismissed. Finally, as to the first counterclaim, declaratory judgment and the second counterclaim breach of contract, plaintiff has established entitlement to dismissal of those counterclaims.

Although the Court is not persuaded that the law of the case doctrine controls all aspects of plaintiff's motion for summary judgment, the Court does find that is has previously ruled on

[* 3]

defendant's assertion that plaintiff is estopped from withdrawing as counsel, thus the Court does not address those arguments here as they have already been rejected.

Here, the Court finds, as alluded to in its prior decision and order denying defendant's motion, that the clear language of the contract does not provide coverage for the specific maintenance work that caused the accident in the underlying personal injury action, namely pothole repair. The policy endorsement provides coverage for landscape gardening work. While the policy does include coverage for work completed on "slopes up to 20 degrees," this is a bullet point under the description "landscaping gardening."  Giving the contract terms their plain meanings, landscape and gardening work cannot be deemed to include pothole repair, nor can maintenance and gardening, be deemed to include pothole repair.  There is nothing in the policy that alludes to coverage at a location where pothole repair would occur, or any language describing any material used to complete such work.  Accordingly, it is hereby

ADJUDGED and DECLARED that plaintiff, Security National Insurance Company has no duty to defend or indemnify defendant Lynch Outdoor Services LLC, in the underlying personal injury action, *Courtney Jackson v. B.C.G. Realty, et al*., in the Supreme Court of the State of New York, County of Kings, Index No.: 501377/2021.

20250502151955LFRANK81446718C6084A6FB225C29A31EBBF81

_____5/2/2025_____
**DATE**

_____
**LYLE E. FRANK, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

[* 4]