Winokur v State of New York (2025 NY Slip Op 04506)

Winokur v State of New York

2025 NY Slip Op 04506

Decided on July 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
DEBORAH A. DOWLING
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2023-09064

[*1]Gil J. Winokur, etc., et al., appellants,
v
State of New York, respondent. (Claim No. 137310)

Michelstein & Ashman, PLLC, New York, NY (Richard A. Ashman of counsel), for appellants.
Letitia James, Attorney General, New York, NY (Judith N. Vale and Andrea W. Trento of counsel), for respondent.

DECISION & ORDER
In a claim, inter alia, to recover damages for medical malpractice and wrongful death, etc., the claimants appeal from an order of the Court of Claims (Linda K. Mejias-Glover, J.), dated May 18, 2023. The order granted the defendant's motion to dismiss the amended claim as time-barred.
ORDERED that the order is affirmed, with costs.
Robert Perry (hereinafter the decedent) died on August 21, 2018. On August 27, 2018, the decedent's wife, Renee Perry (hereinafter Renee), individually and as the "proposed Administratrix" of the decedent's estate, filed an amended notice of intention to file a claim against the State of New York to recover damages for, among other things, medical malpractice and wrongful death related to the decedent's care and treatment at Downstate Medical Center in Brooklyn. On June 11, 2020, Renee, as the purported administrator of the decedent's estate, filed a claim seeking the foregoing relief.
Over a year later, on or about October 18, 2021, Gil J. Winokur, Renee's attorney, as well as the decedent's attorney prior to his death, commenced a proceeding for the appointment of a temporary and limited administrator of the decedent's estate, noting that neither Renee, as a convicted felon, nor the Kings County Public Administrator, due to his suspension, were eligible to receive letters of administration. In an order dated October 19, 2021, the requested temporary and limited letters of administration were issued to Winokur.
Thereafter, by notice of motion dated October 20, 2021, Renee moved pursuant to Court of Claims Act § 10(8) to have the amended notice of intention to file a claim treated as a claim and pursuant to CPLR 3025 for leave to file an amended claim substituting Winokur as the claimant on behalf of the decedent's estate. The State opposed the motion and cross-moved to dismiss the claim. In an order dated June 22, 2022 (hereinafter the prior order), the Court of Claims denied Renee's motion and granted the State's cross-motion, determining, inter alia, that because Renee had not been granted letters of administration, she lacked the capacity to file the amended notice of intention to file a claim and the claim in the first instance, and therefore both were nullities. Renee [*2]did not appeal from that order.
Meanwhile, back on December 20, 2021, Winokur, as the administrator of the decedent's estate, filed a new claim, which was amended the next day to add Renee as a claimant (hereinafter the second claim), seeking the same relief that Renee had sought in the prior claim. The State moved to dismiss the second claim as time-barred under Court of Claims Act § 10(2) and (3). The claimants opposed the motion, arguing that they were entitled to the benefit of a toll for legal disability provided by Court of Claims Act § 10(5) and, as a result, they had timely filed the second claim. In an order dated May 18, 2023, the Court of Claims granted the State's motion. The claimants appeal.
Contrary to the State's contention, the issue of whether the statute of limitations for the filing of the second claim was tolled as a result of purported legal disabilities of either Renee or the Kings County Public Administrator was not subject to issue preclusion stemming from the prior order (see Villaver v Paglinawan, 230 AD3d 533, 535; Town of Riverhead v Kar-McVeigh, LLC, 229 AD3d 735, 736-737). However, we affirm on alternative grounds because the State is correct that the second claim was untimely (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545-546).
Court of Claims Act § 10(5) provides that "[i]f the claimant shall be under legal disability, the claim may be presented within two years after such disability is removed." However, the Court of Claims Act does not define the term "legal disability."
It is undisputed that both the wrongful death and survivorship causes of action alleged in the second claim were required to be brought by the personal representative of the decedent's estate (see EPTL 5-4.1; 11-3.2[b]). Here, despite her status as the decedent's wife, which otherwise entitled her to priority status to be granted letters of administration (see SCPA 1001[1][a]), Renee was not eligible during the relevant period to receive letters of administration due to a felony conviction (see id. former § 707[1][d]). However, Renee's ineligibility, coupled with the alleged absence of any other known distributees, meant that the public administrator was eligible to receive letters of administration upon the decedent's death (see id. § 1001[8][a]). Of note, the decedent died on August 21, 2018, and the Kings County Public Administrator was not suspended until September 16, 2019. Even then, Renee could have petitioned for the appointment of anyone as the administrator of the decedent's estate (see id. § 1001[8][c]). While Renee ultimately petitioned for and obtained such relief, this occurred after the statute of limitations had expired. Notably, as this Court has repeatedly held, the statute of limitations is "not tolled during the pendency of the application for letters of administration" (Byner v Murray-Taylor, 208 AD3d 1214, 1217; see Public Adm'r of Kings County v Canada Dry Bottling Co. of N.Y., 16 AD3d 397, 397-398).
Under these circumstances, where there was a potential personal representative who could have filed the second claim prior to the expiration of the statute of limitations, the claimants were not entitled to the benefit of the toll provided by Court of Claims Act § 10(5) (cf. Hernandez v New York City Health & Hosps. Corp., 78 NY2d 687; Singh v New York City Health & Hosps. Corp. (Bellevue Hosp. Ctr. & Queens Hosp. Ctr.), 107 AD3d 780, 782). As such, the second claim, which was filed more than two years after the decedent's death, was untimely (see Court of Claims Act § 10[2], [3]).
Accordingly, we affirm the order.
MILLER, J.P., DOWLING, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court