■ Betty O. Muka, Appellant, v Kenneth H. Cohn, Respondent.—Mikoll, J. Appeal from an order of the Supreme Court (Bryant, J.), entered June 9, 1986 in Tompkins County, which declared a mistrial and ordered the case stricken from the Trial Calendar until plaintiff hires an attorney to represent her.

On September 20, 1976, plaintiff appeared *pro se* on a motion in Supreme Court in Seneca County in a civil case she had commenced against the City of Binghamton. Kenneth H. Cohn, then Assistant Corporation Counsel for the city and defendant herein, appeared for the city on the motion. At some point during the proceeding the court ordered plaintiff from the courtroom. Viewing the action of the court and defendant as constituting either official misconduct in violation of Penal Law § 195.00 or misconduct by attorneys in violation of Judiciary Law § 487, plaintiff attempted to place defendant under a citizen's arrest. Defendant ignored her and left the courthouse. Plaintiff pursued defendant outside and stood in front of his automobile. Defendant backed up his car but plaintiff followed after the car. In an effort to avoid plaintiff, defendant apparently stopped his car, put it in forward gear and attempted to go around plaintiff. Defendant claims that as his car was passing plaintiff she lunged toward it and struck the window with her hand and possibly her arm. Plaintiff claims that defendant aimed his car right at her, stepped on the accelerator and, with wheels spinning and gravel flying, hit her as she attempted to avoid his car.

Thereafter, plaintiff commenced the instant action against defendant for alleged assault, battery, negligence and reckless endangerment based on the incident. After numerous motions, the case proceeded to trial before a jury. During the direct

examination of plaintiff's first witness, Sara Murray, Supreme Court repeatedly, upon objection of defense counsel or *sua sponte,* attempted to prevent the introduction of hearsay evidence. The court also ruled that plaintiff was precluded from introducing evidence of dental injuries because she failed to state them in her bill of particulars. Plaintiff disregarded many of the court's rulings and also continually introduced or attempted to introduce into evidence extraneous and irrelevant material. Supreme Court, after prior warnings, on its own motion declared a mistrial and directed the case stricken from the Trial Calendar until such time as plaintiff is represented by counsel. Plaintiff immediately appealed the order and unsuccessfully moved by order to show cause in this court to stay its enforcement.

Plaintiff, in her initial brief and a reply brief, sets forth multiple claims of error by Supreme Court, the most relevant being whether (1) Supreme Court had the power, *sua sponte,* to declare a mistrial, (2) the Trial Judge's failure to recuse himself on the alleged ground of bias and prejudice against plaintiff rendered his mistrial order null and void, (3) Supreme Court had the authority to limit plaintiff's right to proceed as a *pro se* litigant by requiring that she obtain counsel to represent her before restoring her case and, if so, whether it properly exercised its authority in this situation, and (4) certain of the court's evidentiary rulings were proper.

We need only address the first issue concerning whether Supreme Court had the power, *sua sponte,* to declare the mistrial. In our view it did not. CPLR 4402 provides: "At any time during the trial, the court, on motion of any party, may order a continuance or a new trial in the interest of justice on such terms as may be just". A trial court's authorization to grant the relief specified in CPLR 4402 is conditioned upon a motion being made by a party. The parties herein had a right to decide whether the harm, if any, occurring was great enough or prejudicial enough to outweigh the benefits and convenience of completing the trial. Thus, as Supreme Court was not authorized by statute to declare the mistrial *sua sponte,* the condition that plaintiff cannot proceed further without obtaining legal counsel must also fall. Accordingly, the order of Supreme Court should be reversed and a new trial granted.

In view of this disposition we find it unnecessary to reach plaintiff's other allegations of error.

Order reversed, on the law, without costs, and matter

remitted to the Supreme Court for a new trial. Mahoney, P. J., Kane, Weiss, Mikoll and Harvey, JJ., concur.