■ In the Matter of Richard YY., Appellant, v Sue ZZ., Respondent. [673 NYS2d 219] —Crew III, J. Appeal from an order of the Family Court of Madison County (Danaher, Jr., J.), entered May 9, 1997, which, *inter alia*, dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for visitation with his grandson.

The child who is the subject of this proceeding, Derek YY., was born in 1990. Respondent is the child's mother and petitioner is the child's paternal grandfather. In April 1996, the child's father relocated to Florida and, pursuant to an agreement executed by him and respondent, petitioner was granted visitation with Derek on alternate weekends. Visitations between petitioner and Derek continued until July 1996 when Derek made an inappropriate sexual remark to respondent's then husband. A subsequent investigation revealed that there had been at least three incidents of inappropriate sexual contact involving Derek and two other boys, 13 years old and nine years old, who frequently spent time at petitioner's residence. As a result, the scheduled visitations ceased, prompting petitioner to commence this proceeding. At the conclusion of the hearing that followed, at which testimony was received from, among others, petitioner, respondent and the child's therapist, Family Court determined, *inter alia*, that continued visitation between Derek and petitioner would not be in the child's best interest. This appeal by petitioner ensued.

We affirm. Insofar as is relevant to this appeal, Domestic Relations Law § 72 permits a grandparent to apply for visitation with a grandchild "where circumstances show that conditions exist [in] which equity would see fit to intervene". As the Court of Appeals has instructed, a grandparent seeking visitation under this statute first must establish that he or she has standing to seek the requested relief and, assuming that hurdle is cleared, that visitation is in the child's best interest (*Matter of Emanuel S. v Joseph E.*, 78 NY2d 178, 181). To that end, a grandparent seeking to establish standing under the "equity"

prong of the statute must do more than "allege love and affection for [the] grandchild" (*id.*, at 182). Specifically, the grandparent "must establish a sufficient existing relationship with [the] grandchild, or in cases where that has been frustrated by the parents, a sufficient effort to establish one, so that the court perceives it as one deserving the court's intervention" (*id.*, at 182).

Even accepting that petitioner's pre-July 1996 contacts with the child were sufficient to confer standing, we nonetheless are of the view that Family Court properly denied petitioner's request for visitation. Petitioner concedes in his brief that "there was inappropriate touching between Derek and [the] two other boys". Despite learning of three such incidents between February 1996 and May 1996, two of which, the record reveals, involved Derek, petitioner made no mention of these events to respondent (testifying that he did not believe that the children had done anything "that bad") and dealt with the situation simply by separating the three boys, spanking one of the offenders and keeping "a little better eye" on them. Petitioner's inadequate response to this situation, coupled with the testimony of the child's therapist, who unequivocally stated that it would not be in Derek's best interest to reestablish visitation with petitioner at that point in time, fully supports Family Court's decision to deny the instant petition. Although the Law Guardian was in favor of supervised visitation between petitioner and Derek in respondent's home, the Law Guardian's recommendation was not binding upon the court (*see, Matter of Nicotera v Nicotera*, 222 AD2d 892, 894; *Matter of Perry v Perry*, 194 AD2d 837, 838) and, in any event, the child's therapist specifically considered and rejected this proposal. Accordingly, Family Court's order is affirmed.

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs.