■ In the Matter of CALVIN G. KENYON et al., Respondents, v KATRINA KENYON, Appellant. [674 NYS2d 455] —Crew III, J. Appeal from an order of the Family Court of Albany County (Duggan, J.), entered March 26, 1997, which granted petitioners' application, in a proceeding pursuant to Family Court Act article 6, for visitation with their grandchild.

Petitioners are the parents of respondent and the maternal grandparents of her only son (born in 1982). Petitioners commenced this proceeding pursuant to Domestic Relations Law § 72 seeking visitation with their grandchild. Following a hearing, Family Court determined that petitioners had standing to maintain this proceeding and granted the requested visitation. This appeal by respondent ensued.

It is now axiomatic that where the biological parents of a child are living, Family Court must first determine whether equitable circumstances exist that provide the grandparents with standing to seek visitation and, if so, whether visitation would be in the child's best interest (*see, Matter of Richard YY. v Sue ZZ.*, 249 AD2d 885; *Matter of Luma v Kawalchuk*, 240 AD2d 896; *see also*, Domestic Relations Law § 72). An essential part of the standing inquiry is the nature and extent of the existing grandparent-grandchild relationship (*see, Matter of Emanuel S. v Joseph E.*, 78 NY2d 178, 182). Additionally, Family Court must consider the basis for the parents' objection to visitation (*id.*, at 182).

We find ample record evidence to justify Family Court's conferral of standing upon petitioners. It is clear that petitioners had substantial ongoing contact with their grandchild from his birth until 1994 when respondent refused to permit further contact. Indeed, the record reflects that during the child's infancy, petitioner Carolyn M. Kenyon cared for him virtually day and night for approximately a year due to respondent's illness. Additionally, petitioners took the child on frequent family camping trips and regularly exchanged birthday and greeting

cards with the child over the years. Respondent's stated reason for the cessation of contact between her parents and her child was that petitioners were undermining her parental authority. Family Court found, however, that respondent's stated objection was pretextual and that the genesis of respondent's objection to further contact was the complete breach of the relationship between petitioners and respondent, which occurred in May 1994 when the child ran away from home.

Having thus found standing, Family Court then determined that it was in the child's best interest for him to have visitation with his grandparents. Based upon our review of the record as a whole, we find no basis upon which to disturb Family Court's determination in this regard. Respondent's remaining contentions have been examined and found to be lacking in merit.

Mikoll, J. P., Mercure, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.