In the Matter of Lee K. Bronson, Appellant, v Nuria Bronson, Respondent. (And Another Related Proceeding.) [805 NYS2d 142]—

Peters, J. Appeals (1) from an order of the Family Court of Broome County (Pines, J.), entered July 29, 2004, which, inter alia, dismissed petitioner's application, in two proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody, and (2) from an order of said court, entered July 29, 2004, which issued an order of protection.

The parties are the parents of Jason (born in 1995) and respondent is the parent of Ezequial (born in 1991). Petitioner began living with Ezequial and respondent when Ezequial was two years of age. Petitioner and respondent were married in 1994. Petitioner left the marital home in September 2003. In

March 2004, petitioner was awarded joint custody of Jason with visitation every other weekend. After one month, petitioner commenced these proceedings seeking temporary custody of both children by alleging, among other things, child abuse by Rusty Baker, respondent's paramour. Following hearings held in June 2004, Family Court modified its order and granted petitioner joint legal custody of Ezequial with visitation and dismissed his application for primary custody of both children. Family Court also issued an order of protection prohibiting petitioner's contact with respondent except for the purpose of visitation. In addition, petitioner was prohibited from possessing firearms for one year. Petitioner appeals and we affirm.

Although the order of protection was not specifically requested, Family Court was well within its authority to have devised this no-contact order which included a restraint on petitioner's access to firearms (see Family Ct Act § 656; *Matter of Morse v Brown*, 298 AD2d 656, 657 [2002]; *Matter of Mongiardo v Mongiardo*, 232 AD2d 741, 744 [1996]). Record evidence revealed petitioner's disruptive and bizarre behavior, which included his threats to respondent and Baker.

Nor do we find Family Court to have abused its discretion in permitting Baker's contact with the children. While record evidence did establish that Baker's inappropriate conduct had prompted an investigation pursuant to Family Ct Act § 1034, such investigation resulted in inadequate guardian reports being filed against the parties as well as Baker. Family Court, finding Baker candid with respect to his shortcomings, concluded that the majority of the difficulties presented in this proceeding were due to petitioner's extreme and inappropriate behavior, stemming from his "bitter animosity" towards Baker. According appropriate deference to Family Court's determination, we find it properly supported by the record (see *Matter of Chantel ZZ.*, 279 AD2d 669, 672 [2001]; *Matter of Emily PP.*, 274 AD2d 681, 683 [2000]). While the Law Guardian's position was to the contrary, it is not determinative (see *Matter of Daniels v Guntert*, 256 AD2d 940, 941 [1998]; *Matter of Richard YY. v Sue ZZ.*, 249 AD2d 885, 886 [1998]).

Mercure, J.P., Crew III, Carpinello and Kane, JJ., concur. Ordered that the orders are affirmed, without costs.