(February 21, 2008)

◼ Marie Rose Pena, Appellant, v New York City Transit Authority, Respondent. [852 NYS2d 80]—

Judgment, Supreme Court, New York County (Kibbe F. Payne, J.), entered December 14, 2006, dismissing the complaint, unanimously affirmed, without costs.

The trial court properly directed a verdict in favor of defendant at the close of plaintiff's case in this action where plaintiff was injured when she fell as she descended a tiled ramp in defendant's subway station during the course of an ongoing snowstorm, as it is unreasonable to require defendant to keep the floors of its station dry during the course of the inclement weather (*see Hussein v New York City Tr. Auth.*, 266 AD2d 146 [1999]). Nor was the trial evidence sufficient to show that plaintiff's injuries were the result of a recurring hazardous condition of which defendant had knowledge. Defendant's general awareness that the subject ramp would become wet during inclement weather is "insufficient to establish constructive notice of the specific condition causing plaintiff's injury" (*Solazzo v New York City Tr. Auth.*, 6 NY3d 734, 735 [2005]).

The trial court providently exercised its discretion in granting defendant's motion to quash the subpoena issued by plaintiff during trial seeking the production of defendant's logbooks. The circumstances presented do not warrant allowing plaintiff to

conduct additional discovery almost a year after the filing of the note of issue (*see Genevit Creations v Gueits Adams & Co.*, 306 AD2d 142 [2003], *lv dismissed in part and denied in part* 1 NY3d 617 [2004]; *Henry L. Fox Co. v Sleicher*, 186 AD2d 537 [1992]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Lippman, P.J., Mazzarelli, Gonzalez, Sweeny and Acosta, JJ.