■ ALEXIS LLORENTE et al., Appellants, v CITY OF NEW YORK, Respondents. [876 NYS2d 478]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) stated portions of an order of the Supreme Court, Queens County (Kerrigan, J.), dated October 26, 2007, which, inter alia, denied, as academic, that branch of their cross motion which was to direct the defendants City of New York, Administration for Children's Services, and Little Flower Children's Services to produce requested documents for in camera review, and (2) an order of the same court dated May 9, 2008, which, among other things, denied that branch of their motion which was to vacate an order of the same court dated December 20, 2007, sua sponte appointing a court attorney referee pursuant to CPLR 3104 (a) to complete an in camera review of documents and to hear and report on these defendants' motions for protective orders, and denied that branch of their motion which was, in effect, for leave to reargue their prior cross motion.

Ordered that the order dated October 26, 2007, is affirmed insofar as appealed from; and it is further,

Ordered that the appeal from so much of the order dated May 9, 2008, as denied that branch of the plaintiffs' motion which was, in effect, for leave to reargue their prior cross motion is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated May 9, 2008, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

Although a court lacks the authority to sua sponte appoint a

private attorney to serve as a referee to oversee discovery, and to be compensated by the parties without their consent (*see Surgical Design Corp. v Correa*, 309 AD2d 800 [2003]; *Warycha v County of Westchester*, 273 AD2d 434 [2000]), here the Supreme Court did not refer the in camera review of over 4,000 documents to a named private attorney, but rather to a court attorney referee pursuant to CPLR 3104 (a). Therefore, consent of the parties was not required.

Contrary to the plaintiffs' contention, the order dated December 20, 2007, did not direct the court attorney referee to "hear and determine" the motions of the defendants City of New York, Administration for Children's Services, and Little Flower Children's Services (hereinafter the defendants) for protective orders. The order expressly limited the court attorney referee to "hear and *report* on whether or to what extent [the] *defendants' motions for protective orders should be granted*" (emphasis added) (*see* CPLR 4001; *compare* CPLR 4212, 4317). Accordingly, the Supreme Court's appointment of a court attorney referee to oversee discovery was within its authority and was not an improvident exercise of discretion.

The plaintiffs' remaining contentions are without merit. Rivera, J.P., Ritter, Covello and Angiolillo, JJ., concur.