[901 NYS2d 358]

Carol Tirado, Appellant, v Samuel Miller et al., Respondents.
Travelers Insurance Company, Nonparty Respondent.

Second Department, May 18, 2010

**APPEARANCES OF COUNSEL**

*Robert C. Fontanelli, P.C.*, Brooklyn (*Brian J. Isaac* of counsel), for appellant.

*James J. Toomey*, New York City (*Evy L. Kazansky* of counsel), for respondents.

**OPINION OF THE COURT**

DILLON, J.P.

We address on this appeal the question of whether a court may decide a motion upon grounds other than those argued by the parties in their submissions. We hold that a court may do so where, as here, the motion regards a nondispositive discovery issue decided upon procedural grounds, where the court takes judicial notice of a note of issue and its filing date, and where the court's grant or denial of relief is confined to the specific family of relief sought in the motion.

The timeline of the parties' litigation is straightforward. On July 2, 2004 the plaintiff Carlo Tirado, an employee of a roofing supply company, allegedly sustained personal injuries as a result of a trip-and-fall upon a concrete walkway located on property owned by the defendants Samuel Miller and Miriam Miller. The

defendants were insured under a homeowner's policy issued by a nonparty, Travelers Insurance Company (hereinafter Travelers).

On May 16, 2005, prior to the commencement of this action, Mary Colon, an employee of the plaintiff's attorney, conversed by telephone with Richard Lombardo, a Travelers claim adjuster. According to Colon, Lombardo recounted a conversation he had with Miriam Miller, who denied that the plaintiff or his company had been present upon her property on the date of the alleged accident. On August 31, 2005 the plaintiff commenced this action by the filing of a summons and verified complaint. On May 24, 2006 Miriam Miller testified at her deposition that in 2005 she learned for the first time that someone had fallen on her property.

A note of issue and certificate of readiness were filed on February 7, 2008.[1]

In or about mid-June 2008 the plaintiff's counsel served upon Lombardo a subpoena duces tecum and ad testificandum, demanding stated portions of Travelers' claim file and a deposition of Lombardo regarding his conversation(s) with Miriam Miller. According to the plaintiff's counsel, Miram Miller's statements were inconsistent regarding her knowledge of the plaintiff's presence on the defendants' property. While she first denied to Lombardo any knowledge of an accident on the property, she later testified at deposition that she had learned in 2005 that someone had fallen there. The plaintiffs contended that these inconsistencies raised an issue of fact regarding Miriam Miller's credibility and would be relevant at trial.

On July 7, 2008 the defendants and Travelers moved to quash the subpoena and for a protective order as to Travelers' claim file and Lombardo's deposition testimony.[2] They sought the requested relief upon two stated grounds. They argued, in the first instance, that the information sought by the plaintiff was privileged as attorney work product and as material prepared in anticipation of litigation. They also contended, in the second instance, that the information sought was not relevant or mate-

1. The order appealed from refers to the note of issue, and it is undisputed that the note of issue had been filed on February 7, 2008.

2. While the first page of the notice of motion named only Travelers as the movant, the second page of the notice of motion identified counsel as the attorney for the defendants as well as for Travelers. Moreover, a notice of appearance, apparently filed contemporaneously with the motion, stated that the defendants' counsel was also retained by Travelers.

rial to the issues of the litigation. The plaintiff opposed the motion, contending that no privilege attached to the information sought and that the insurance claim file and deposition were relevant to establishing the inconsistencies of Miriam Miller's statements.

In the order appealed from dated July 31, 2008, the Supreme Court granted the motion, inter alia, to quash, but on a ground different than those argued by the defendants and Travelers. The Supreme Court noted that the "[n]on-party Subpoena's [sic] were Served postNote of Issue And [that] Discovery in the form of Nonparty [D]epositions Are [sic] Not Permitted Post-Note of Issue."

■ On appeal, the plaintiff contends that the Supreme Court was without authority to decide the motion upon a ground that was not raised in the parties' submissions and upon which the plaintiff had no opportunity to be heard. Alternatively, the plaintiff argues that the subpoenaed documents and testimony were nonprivileged and were otherwise discoverable. For reasons set forth below, we find that the Supreme Court properly determined that the plaintiff's effort to obtain discovery subsequent to the filing of a note of issue, under the circumstances presented, was untimely.

The purpose of a note of issue and certificate of readiness is to assure that cases which appear on the court's trial calendar are, in fact, ready for trial (see Mazzara v Town of Pittsford, 30 AD2d 634 [1968]). CPLR 3402 (a) provides that notes of issue may be filed at any time after issue is joined, or 40 days after service of the summons irrespective of the joinder of issue, and must be accompanied by whatever data is required by the applicable rules of court. 22 NYCRR 202.21 (a) is an applicable rule of court which requires all notes of issue to be accompanied by certificates of readiness. While the standard preprinted form places the note of issue on its front side and the certificate of readiness on its back, the sequencing of the documents is actually the other way around, as the filing of a certificate of readiness is, in effect, a condition precedent to the filing of a note of issue (see 22 NYCRR 202.21 [a]; Panicker v Northfield Sav. Bank, 12 Misc 3d 1153[A], 2006 NY Slip Op 50880[U] [2006]).

A certificate of readiness certifies that all discovery is completed, waived, or not required and that the action is ready for trial (see 22 NYCRR 202.21 [b]). The effect of a statement of readiness is to ordinarily foreclose further discovery (see Blondell v Malone, 91 AD2d 1201 [1983]; Niagara Falls Urban Re-

*newal Agency v Pomeroy Real Estate Corp.*, 74 AD2d 734 [1980]; *Bookazine Co. v J & A Bindery*, 61 AD2d 919 [1978]).

Discovery that is nevertheless sought after the filing of a note of issue and certificate of readiness is governed by a different set of procedural principles than discovery that is sought prior to the filing of a note of issue. Pre-note discovery includes disclosure of "all matter material and necessary in the prosecution or defense of an action" (*see* CPLR 3101[a]), which is to be liberally construed (*see Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406 [1968]; *Byck v Byck*, 294 AD2d 456, 457 [2002]; *U.S. Ice Cream Corp. v Carvel Corp.*, 190 AD2d 788 [1993]). Post-note discovery, on the other hand, may only be sought under two procedural circumstances set forth in 22 NYCRR 202.21. As discussed by this Court in an opinion by Justice Feuerstein in *Audiovox Corp. v Benyamini* (265 AD2d 135, 138 [2000]), one method of obtaining post-note discovery is to vacate the note of issue within 20 days of its service pursuant to 22 NYCRR 202.21 (e), by merely showing that discovery is incomplete and the matter is not ready for trial. The second method, beyond that 20 days, requires that the movant, pursuant to 22 NYCRR 202.21 (d), meet a more stringent standard and demonstrate "unusual or unanticipated circumstances and substantial prejudice" absent the additional discovery (*Audiovox Corp. v Benyamini*, 265 AD2d at 138; *see Schroeder v IESI NY Corp.*, 24 AD3d 180, 181 [2005]; *Aviles v 938 SCY Ltd.*, 283 AD2d 935, 936 [2001]).

Here, it is not contested that the note of issue and certificate of readiness were filed in February 2008. The note of issue was never stricken as a result of any motion filed within the 20-day deadline set forth in 22 NYCRR 202.21 (a). Accordingly, any additional discovery sought by the plaintiff from Travelers must meet the requirements of 22 NYCRR 202.21 (d) that the discovery be needed because of "unusual or unanticipated circumstances" and that its absence causes "substantial prejudice."

We recognize that the trial court did not grant any unrequested relief, but rather, granted the specific relief sought by the defendants and Travelers in their motion of quashing the plaintiff's subpoena and, in effect, granting a protective order. On appeal, the plaintiff takes issue, inter alia, with the Supreme Court's having determined the motion on a ground unrelated to the privilege and relevance issues briefed by the parties. However, in rendering decisions on motions, trial courts are not

necessarily limited by the specific arguments raised by parties in their submissions. CPLR 2214 (a) provides that a notice of motion shall specify the time and place of the hearing on the motion, the supporting papers upon which it is based, the relief demanded, and the grounds therefor. A court typically lacks the jurisdiction to grant relief that is not requested in the moving papers (*see McGuire v McGuire*, 29 AD3d 963, 965 [2006]; *NYCTL 1998-1 Trust v Prol Props. Corp.*, 18 AD3d 525, 527 [2005]). The notice of motion in this instance sought an order quashing the subpoena and granting a protective order on the limited grounds of privilege and irrelevance. However, the notice of motion also contained a general prayer, for "such other and further relief as [the] [c]ourt may deem just and proper."

General relief clauses, for "such other, further, or different relief," are often included in notices of motion by practitioners to cover the possibility that the appropriate relief is not what the movant has specifically asked for, "but is close enough to enable the court to grant it" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2214:5). The presence of a general relief clause enables the court to grant relief that is not too dramatically unlike that which is actually sought, as long as the relief is supported by proof in the papers and the court is satisfied that no party is prejudiced (*see Frankel v Stavsky*, 40 AD3d 918 [2007]; *HCE Assoc. v 3000 Watermill Lane. Realty Corp.*, 173 AD2d 774 [1991]; *Lanaris v Mutual Benefit Life Ins. Co.*, 9 AD2d 1015 [1959]).

The relief granted, of quashing the plaintiff's subpoena and, in effect, granting a protective order, is not only similar, but in fact identical, to the ultimate relief demanded in the notice of motion, albeit on a different basis. We find that the general relief clause in the notice of motion permitted the court to consider an alternative ground for granting the motion, consistent with the ultimate relief that was requested, and which was based upon material contained in the court's own file (*see Lammers v Lammers*, 235 AD2d 286 [1997] [denial of plaintiff's motion for procedural reasons, but grant of the same relief by the court sua sponte, affirmed on appeal]).

In any event, there are circumstances, which we acknowledge, where trial courts may not order certain forms of relief without giving the parties an opportunity to be heard on the specifics. These circumstances are typically identified in statutes. For instance, a court may not treat a motion to dismiss as one for summary judgment without giving the parties ade-

quate notice of its intention to do so (*see* CPLR 3211 [c]; *Mihlovan v Grozavu*, 72 NY2d 506, 507 [1988]; *Brabender v Incorporated Vil. of Northport*, 222 AD2d 477, 478 [1995]; *Matter of Ward v Bennett*, 214 AD2d 741, 742-743 [1995]). Moreover, sua sponte orders are not permitted under many circumstances, including the dismissal of complaints on the ground of forum non conveniens under CPLR 327 (a) (*see VSL Corp. v Dunes Hotels & Casinos*, 70 NY2d 948, 949 [1988]), the appointment of a temporary receiver under CPLR 6401 (a) (*see Natoli v Milazzo*, 35 AD3d 823 [2006]), the recall and vacatur of a court's own order or judgment except under the special circumstances set forth in CPLR 5019 (a) (*see Adams v Fellingham*, 52 AD3d 443, 444 [2008]; *Osamwonyi v Grigorian*, 220 AD2d 400, 401 [1995]), the appointment of a private attorney discovery referee under CPLR 3104 (b) (*see Ploski v Riverwood Owners Corp.*, 255 AD2d 24, 27-28 [1999]; *see also Llorente v City of New York*, 60 AD3d 1003, 1004 [2009]), the imposition of monetary sanctions for frivolous conduct under 22 NYCRR 130-1.1 (*see Walker v Weinstock*, 213 AD2d 631, *Breslaw v Breslaw*, 209 AD2d 662, 662-663 [1994]), granting leave to add additional parties to an action under CPLR 3025 (b) (*accord LaSalle Bank Natl. Assn. v Ahearn*, 59 AD3d 911, 912 [2009]), changing venue under CPLR 511 (*see Fisher v Finnegan-Curtis*, 8 AD3d 527, 528 [2004]; *Bank of N.Y. v Elance, Inc.*, 309 AD2d 725, 725-726 [2003]), modifying an in-court stipulation of parties enforceable under CPLR 2104 (*see Dwyer v De La Torre*, 252 AD2d 695, 696 [1998]), consolidating related actions under CPLR 602 (a) (*see Lazich v Vittoria & Parker*, 196 AD2d 526, 530 [1993]; *New York Annual Conference of Methodist Church v Nam Un Cho*, 156 AD2d 511, 514 [1989]), or declaring a mistrial under CPLR 4402 (*see Muka v Cohn*, 146 AD2d 826, 827 [1989]).

By contrast, circumstances where a trial court may act sua sponte include a court reconsidering its own prior interlocutory orders during the pendency of an action under CPLR 5019 (a) (*see Liss v Trans Auto Sys.*, 68 NY2d 15, 20 [1986]; *Kleinser v Astarita*, 61 AD3d 597 [2009]), issuing a so-called "90 day notice" to a party neglecting its prosecution of an action under CPLR 3216 (a) and dismissing the action upon the failure to file a note of issue (*see Vinikour v Jamaica Hosp.*, 2 AD3d 518 [2003]), appointing a receiver of matrimonial property (*see Trezza v Trezza*, 32 AD3d 1016, 1017 [2006]; *Stern v Stern*, 282 AD2d 667, 668 [2001]), issuing Family Court orders of protection under Family Court Act § 656 (*see Matter of Bronson v*

*Bronson*, 23 AD3d 932, 933 [2005]; *Matter of Morse v Brown*, 298 AD2d 656, 657 [2002]), ordering an accounting in an estate proceeding under SCPA 2205 (1) (*see Matter of Morrison*, 268 AD2d 435, 436 [2000]), and taking judicial notice of certain facts or of the public law of sister states (*see Matter of Meyer*, 93 Misc 2d 1051, 1055 [1978]).

The foregoing demonstrates that there are circumstances when courts may act sua sponte and others when courts may not do so. The telltale sign of the difference, for many but not all circumstances, is the enabling language of the relevant statutory provision pursuant to which the court acts.

The plaintiff argues that the Supreme Court acted sua sponte, and improperly, in quashing his subpoena based upon a reason not briefed by the parties. We disagree. There is a critical distinction between sua sponte relief not requested by any party, and sua sponte reasoning in granting or denying nondispositive discovery relief that has been requested by a party. Here, the relief granted by the court was the very relief that the defendants and Travelers requested in their notice of motion. Only the reasoning utilized by the court in determining the motion was different or unexpected, and that reasoning could be invoked pursuant to the general prayer for relief contained in the notice of motion.

No statute within the CPLR generally, or article 31 specifically, restricts a trial court's reasoning on any discovery issue only to arguments specifically set forth by the parties, beyond the general notice requirements of CPLR 2214 (b). The reasoning of the court does not have dispositive import to this action, unlike a court's dismissal of a complaint (*see Greene v Davidson*, 210 AD2d 108, 109 [1994]; *Matter of Dental Socy. of State of N.Y. v Carey*, 92 AD2d 263, 264 [1983], *affd* 61 NY2d 330 [1984]; *Frasier v State of New York*, 11 Misc 3d 497, 504 [2005]). Cases from this court upon which the plaintiff relies, namely, *Abinanti v Pascale* (41 AD3d 395 [2007]), *Jacobs v Mostow* (23 AD3d 623 [2005]), and *Sena v Nationwide Mut. Fire Ins. Co.* (198 AD2d 345 [1993]), are distinguishable as they involved the Supreme Court's dismissals of complaints without any requests for such relief by the defendants. Obviously, trial courts must exercise caution in issuing nondispositive relief that is outside the scope of what is requested in a motion. However, trial courts, in determining whether to grant or deny relief requested in a motion, are not restricted by the reasoning employed by counsel, especially where, as here, the notice of motion contains a general prayer for relief.

■ The Supreme Court properly concluded here that the plaintiff untimely sought the information from Travelers, in that it was requested four months after the filing of the note of issue and certificate of readiness. The plaintiff never moved or cross-moved for relief under 22 NYCRR 202.21 (d) to obtain the additional information upon a showing of unusual or unanticipated circumstances and subtantial prejudice. Thus, the Supreme Court, which has inherent authority to control its calendar (see Schreiber-Cross v State of New York, 57 AD3d 881, 884 [2008]), providently exercised its discretion in granting that branch of the motion which was to quash the plaintiff's subpoena and, in effect, in granting that branch of the motion which was for a protective order on the court's stated ground that post-note of issue discovery was not permitted (see Pena v New York City Tr. Auth., 48 AD3d 309, 309-310 [2008]; Sklarz v Crabtree, 35 AD3d 260 [2006]; Tortola v NHT Owners, LLC, 25 AD3d 600, Genevit Creations v Gueits Adams & Co., 306 AD2d 142 [2003]; Henry L. Fox Co. v Sleicher, 186 AD2d 537, 538 [1992]).

Parties aggrieved by what they perceive as a court's faulty reasoning may move for leave to reargue (see CPLR 2221 [d]) or may appeal. An order based upon reasoning unanticipated by the parties would still constitute an appealable paper, if, as here, the order grants or denies the relief requested in the notice of motion (see CPLR 5701 [a] [2]). In any event, the plaintiff is unable to meet the requirements of 22 NYCRR 202.21 (d). The plaintiff's counsel learned of Miriam Miller's alleged representations to Travelers during a telephone conversation between Colon and Lombardo on May 16, 2005. Any alleged inconsistent statement by Miriam Miller was uttered at a deposition conducted on May 24, 2006. The plaintiff was therefore possessed of all information regarding the purported inconsistent statements in May 2006, almost two years before the filing of the note of issue. The subpoena for the insurance claim file and for Lombardo's deposition was not served until approximately four months after the note of issue and certificate of readiness were filed. Accordingly, the plaintiff would be unable to establish that circumstances regarding the inconsistent statements were unusual or unanticipated at the time the subpoena was served. A lack of diligence in seeking discovery does not constitute unusual or unanticipated circumstances warranting post-note of issue disclosure (see Silverberg v Guzman, 61 AD3d 955, 956 [2009]; Marks v Morrison, 275 AD2d

1027 [2000]; *Audiovox Corp. v Benyamini*, 265 AD2d at 140). To the contrary, the plaintiff had almost two years after Miriam Miller's deposition and prior to the filing of the note of issue to pursue further discovery on her alleged inconsistent statement, but failed to do so.

We find no authority that post-note of issue discovery of a nonparty should be treated any differently from party discovery. In *Arons v Jutkowitz* (9 NY3d 393 [2007]), the Court of Appeals examined the question of whether defense attorneys may permissibly engage in informal ex parte conversations with plaintiffs' nonparty treating physicians, pursuant to authorizations compliant with the Health Insurance Portability and Accountability Act of 1996 (Pub L 104-191, 110 US Stat 1936 [1996]), in preparation for trial. Typically, such conversations occur post-note of issue (*see Arons v Jutkowitz*, 9 NY3d at 410). The Court of Appeals expressly permitted the physician interviews, noting that if a physician refuses to talk with an attorney after the notice of issue is filed, the attorney has no basis for judicial intervention absent "unusual and unanticipated circumstances" and "substantial prejudice" under 22 NYCRR 202.21 (d) (*see Arons v Jutkowitz*, 9 NY3d at 411). Thus, even if we were to equate the information sought by the plaintiff from Travelers with a nonparty *Arons* interview, the subpoena which was used, in effect, as a discovery order (*see* CPLR 2302 [a]), and the deposition it directed (CPLR 3107, 3111), were not authorized devices absent compliance by the plaintiff with 22 NYCRR 202.21 (d), which is lacking here.

The parties' remaining contentions either are without merit, are improperly raised for the first time on appeal, or have been rendered academic in light of our determination.

In light of the foregoing, the order is affirmed insofar as appealed from.

ENG, BELEN and HALL, JJ., concur.

Ordered that the order is affirmed insofar as appealed from, with costs.