Hotel Carlyle Owners Corp. v Schwartz (2019 NY Slip Op 00242)





Hotel Carlyle Owners Corp. v Schwartz


2019 NY Slip Op 00242


Decided on January 15, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2019

Sweeny, J.P., Richter, Kapnick, Gesmer, Kern, JJ.


8117N 157070/12

[*1] Hotel Carlyle Owners Corporation, Plaintiff-Appellant,
v
Murray Schwartz, Defendant-Respondent.


Rosenberg & Estis, P.C., New York (Norman Flitt of counsel), for appellant.
Murray Schwartz, respondent pro se.



Order, Supreme Court, New York County (Ellen M. Coin, J.), entered November 28, 2017, which, to the extent appealed from as limited by the briefs, upon granting defendant's motion to compel the return of certain funds paid to plaintiff, failed to credit plaintiff with certain statutory prejudgment interest or to award it certain attorneys' fees, unanimously modified, on the law, to credit plaintiff with the amount of $10,238.46 in interest against defendant, and otherwise affirmed, without costs.
The court should have credited plaintiff cooperative corporation with statutory prejudgment interest on all the maintenance payments that defendant former unit owner failed to make. Plaintiff correctly calculates, without double counting for interest accrued on a partial judgment issued earlier in the action, that it is owed $10,238.46.
Plaintiff never moved for a determination of its attorneys' fees. Rather, it simply introduced evidence of the fees in an accounting called for sua sponte by the court to determine the application of monies collected by plaintiff. The court correctly held that if plaintiff wished to seek a determination of attorneys' fees, it should move for summary judgment (see Tirado v Miller, 75 AD3d 153, 158 [2nd Dept 2010]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 15, 2019
CLERK