Hotel Carlyle Owners Corp. v Schwartz (2019 NY Slip Op 02446)





Hotel Carlyle Owners Corp. v Schwartz


2019 NY Slip Op 02446


Decided on April 2, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 2, 2019

Sweeny, J.P., Richter, Kapnick, Gesmer, Kern, JJ.


8117N 157070/12

[*1] Hotel Carlyle Owners Corporation, Plaintiff-Appellant,
v
Murray Schwartz, Defendant-Respondent.


Rosenberg & Estis, P.C., New York (Norman Flitt of counsel), for appellant.
Murray Schwartz, respondent pro se.



Order, Supreme Court, New York County (Ellen M. Coin, J.), entered November 28, 2017, which, to the extent appealed from as limited by the briefs, granted defendant's motion to compel the return of certain funds paid to plaintiff and directed the Clerk to enter judgment in favor of defendant and against plaintiff in the sum of $22,871.13, with interest thereon at the statutory rate from the date of February 28, 2017, unanimously reversed, on the law, without costs, defendant's motion denied, and plaintiff is credited with the amount of $10,238.46 in interest against defendant. The Clerk is directed to enter judgment in favor of plaintiff in the amount of $10,238.46, with interest thereon at the statutory rate from the date of February 28, 2017.
The court should have credited plaintiff cooperative corporation with statutory prejudgment interest on all the maintenance payments that defendant former unit owner failed to make. The court calculated that the total amount owed by defendant was $363,361.71. However, properly calculated, defendant owed plaintiff $396,471.90. Plaintiff only collected $386,233.44. Therefore, plaintiff correctly calculates, without double counting for interest accrued on a partial judgment issued earlier in the action, that it is owed $10,238.46.
Plaintiff never moved for a determination of its attorneys' fees. Rather, it simply introduced evidence of the fees in an accounting called for sua sponte by the court to determine the application of monies collected by plaintiff. The court correctly held that, if plaintiff wished to seek a determination of attorneys' fees, it should move for summary judgment (see Tirado v Miller, 75 AD3d 153, 158 [2d Dept 2010]).
The Decision and Order of this Court
entered herein on January 15, 2019
(168 AD3d 501 [1st Dept 2019]) is
hereby recalled and vacated (see M-794 decided simultaneously herewith).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 2, 2019
CLERK