Schneider v Schneider (2020 NY Slip Op 00632)





Schneider v Schneider


2020 NY Slip Op 00632


Decided on January 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2018-15048
 (Index No. 50221/12)

[*1]Tara Schneider, respondent,
v
Richard Schneider, appellant.


Manners & Malone, PLLC, Westbury, NY (Randall K. Malone of counsel), for appellant.



DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment dated January 7, 2014, the defendant appeals from an order of the Supreme Court, Kings County (IDV Part) (Esther M. Morgenstern, J.), dated October 11, 2018. The order, insofar as appealed from, sua sponte, modified an order of custody and parental access of the same court dated June 24, 2010.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, modified the order of custody and parental access dated June 24, 2010, is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed insofar as appealed from, on the law, without costs or disbursements.
The parties were divorced by judgment dated January 7, 2014, which incorporated by reference an order of custody and parental access dated June 24, 2010 (hereinafter the custody order). By order to show cause dated February 13, 2018, the plaintiff moved, inter alia, to enforce certain provisions of the custody order. The defendant opposed the motion and moved, inter alia, for an order directing the entry of a money judgment against the plaintiff relating to certain allegedly unreimbursed add-on expenses. In an order dated October 11, 2018, the Supreme Court decided all unresolved branches of the parties' respective motions. Additionally, although neither party sought modification of the custody order, the court, sua sponte, made a determination as to whether there had been a change in circumstances and, thereafter, modified the custody order with respect to certain aspects of the defendant's parental access. The defendant appeals.
Under the circumstances of this case, since neither party moved to modify the custody order, the Supreme Court should not have, sua sponte, awarded that relief (see Tirado v Miller, 75 AD3d 153, 157-158).
DILLON, J.P., COHEN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court