Matter of Panebianco v Panebianco (2020 NY Slip Op 02566)





Matter of Panebianco v Panebianco


2020 NY Slip Op 02566


Decided on May 1, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., TROUTMAN, WINSLOW, AND DEJOSEPH, JJ.


327 CAF 18-01863

[*1]IN THE MATTER OF RICHARD PANEBIANCO, PETITIONER-RESPONDENT,
v
TARYN PANEBIANCO, RESPONDENT-APPELLANT.






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (DANIELLE K. BLACKABY OF COUNSEL), FOR RESPONDENT-APPELLANT.
ELIZABETH C. FRANI, SYRACUSE, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Onondaga County (Salvatore Pavone, R.), entered August 15, 2018 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded petitioner visitation with the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner, the maternal grandfather of the subject child, commenced this proceeding seeking visitation with him, and respondent mother appeals from an order that, inter alia, granted the petition and awarded the grandfather visitation with the child. The mother contends that Family Court erred in concluding that the grandfather had standing to seek visitation pursuant to Domestic Relations Law § 72 (1). We reject that contention inasmuch as the grandfather established that "conditions exist [in] which equity would see fit to intervene" (id.; see Matter of Richardson v Ludwig, 126 AD3d 1546, 1547 [4th Dept 2015]; see generally Matter of Emanuel S. v Joseph E., 78 NY2d 178, 182-183 [1991]). In particular, it is undisputed that the grandfather had a long-standing and loving relationship with the child (see Matter of Hilgenberg v Hertel, 100 AD3d 1432, 1433 [4th Dept 2012]; see generally Emanuel S., 78 NY2d at 182) and, contrary to the mother's contention, the record supports the court's determination that the mother's proffered objections to visitation lacked a sound basis and were primarily pretextual (see Matter of Kenyon v Kenyon, 251 AD2d 763, 764 [3d Dept 1998]). Finally, contrary to the mother's implicit contention, we conclude that the record supports the court's determination that visitation is in the best interests of the child (see Richardson, 126 AD3d at 1547).
Entered: May 1, 2020
Mark W. Bennett
Clerk of the Court