Henry v Khan (2024 NY Slip Op 50122(U))

[*1]

Henry v Khan

2024 NY Slip Op 50122(U)

Decided on February 6, 2024

Supreme Court, Richmond County

Castorina, Jr., J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 6, 2024
Supreme Court, Richmond County

Alex Henry & JULIA BIKO, Plaintiffs,

against
Ehsan Khan, JOHN DOE 1-5 & JANE DOE 1-5, Defendants.

Index No. 151995/2023

Attorneys for the Plaintiff
Domenick Napoletano, Esq.
351 Court St
Brooklyn, NY 11231 
Phone: (718) 522-1377 
E-mail: domenick@napoletanolaw.com
Attorney for the Defendant
Robert Melamed, Esq.
1502 Kings Hwy
Brooklyn, NY 11229 
Phone: (718) 375-5078 
E-mail: robert@melamed-law.com

Ronald Castorina, Jr., J.

The following e-filed documents listed on NYSCEF (Motion No. 002) numbered 23-29 and (Cross Motion No. 003) numbered 33-43 were read on this motion.
Upon the foregoing documents, and after oral argument conducted on January 30, 2024, Motion Sequence #002 and Motion Sequence #003 are resolved as follows, it is hereby:
ORDERED, that summary judgment in favor of the Defendant is GRANTED, for failure of Plaintiff to State a Cause of Action, pursuant to CPLR §3211 [a][7], and it is further, 
ORDERED, that any remaining contentions and/or requests for relief in Motion Sequences #002 and #003 are hereby rendered moot, and it is further,
ORDERED, that Motion Sequence #004 is rendered moot, and it is further,
ORDERED, that the STAY is hereby VACATED in connection with the related action pending in the Housing Court, Richmond County, bearing LT Index No.: 301456/23, and it is further,
ORDERED, that the Clerk of the Court shall enter judgment accordingly and the matter is marked disposed.
 Memorandum Decision

 I. Procedural History
Plaintiffs commenced this action on October 30, 2023, by filing the Summons and Verified Complaint. Plaintiffs seek a determination of ownership by adverse possession of real property located at 16 Tappen Court Staten Island New York 10304. On or about November 29, 2023, Plaintiffs filed Motion Sequence #002 by Order to Show Cause seeking (a) the consolidation of the action pending in the Housing Court Richmond County, bearing LT Index number 301456/23 and (b) for such and other relief as this Court deems just and proper.
On January 1, 2024, Defendant filed Motion Sequence #003 by cross motion seeking (1) summary judgment and dismissing Plaintiffs' complaint pursuant to CPLR § 3013 for failing to state a Cause of Action under RPAPL § 501; or (2) denial of consolidation with the matter pending in Housing Court Richmond County, bearing LT Index number 301456/23; (3) compelling Plaintiffs to submit a Verified Bill of Particulars and a Response to Defendant's Demand for Discovery and Inspection; and (4) and for such other or different relief as the Court deems just and proper.
Plaintiffs filed opposition to cross Motion Sequence #003 on January 23, 2024. Defendant filed reply on January 25, 2024. Oral argument was completed on January 30, 2024. Plaintiff filed an Order to Show Cause seeking to amend their complaint on January 31, 2024, after the full submission and oral argument on the instant motions. In addition, Plaintiff sought interim relief staying this Decision and Order, until the motion to amend the complaint were heard and decided. Pursuant to NYCRR §202.7 [f], the court heard argument on the request for interim relief for Motion Sequence #004 on February 1, 2024, on the record, and that request was DENIED. The Order to Show Cause was set down for hearing on February 8, 2024, to the extent that the appearance and the motion would not be rendered moot by the foregoing Memorandum Decision and Order. The February 8, 2024 appearance previously scheduled is VACATED as moot. 

 II. Facts
On October 27, 2020, Defendant purchased the premises known as 16 Tappen Court, Staten Island, New York (hereinafter "the Premises"). (NY St Cts Filing [NYSCEF] Doc No. 35). Defendant purchased the premises at auction from a bank after the bank's successful foreclosure action under index number 130233/2014. (NY St Cts Filing [NYSCEF] Doc No. 36). Defendant alleges that during the past three (3) years, Defendant has been the sole payer of the carrying costs to the Premises including but not limited to Real Estate Taxes and Water / Sewer charges. (NY St Cts Filing [NYSCEF] Doc No. 37). Almost three years after the Defendant [*2]acquired the Premises, Defendant commenced a landlord tenant action under LT Index No.: 301456/2023 (the Landlord / Tenant Action) in 2023. (NY St Cts Filing [NYSCEF] Doc No. 38).
Plaintiffs allege that they have been in possession of the Premises for more than ten (10) years and that their possession has been actual, open, hostile, continuous, and exclusive. Plaintiffs further contend that they are the owners of the Premises by adverse possession of real property. In support of Plaintiffs' allegation, Plaintiffs have submitted a heavily redacted duplicate 2013 W-2 document, reissued on January 22, 2024, purporting the address of Plaintiff Alexander Henry to be that of the premises. (NY St Cts Filing [NYSCEF] Doc No. 41). Plaintiffs have not provided any further documentary evidence supporting their claim of possession of the Premises. Plaintiffs did not submit an affidavit/affirmation by Alexander Henry attesting to the accuracy of the reissued 2013 W-2 as pertaining to the address contained therein.
Defendant contends that the Premises appeared to be uninhabited, when service was attempted in the foreclosure action commenced in 2014. (NY St Cts Filing [NYSCEF] Doc No. 39). Defendant provided evidence indicating that Plaintiff's first request for the gas utility company, National Grid, to provide services to the Premises was made in 2016. (NY St Cts Filing [NYSCEF] Doc No. 39).

 III. Discussion
A. Summary Judgment CPLR §3013 and RPAPL §501
Defendants argue entitlement to summary judgment, pursuant to CPLR §3013, for Plaintiff's failure to allege the "claim of right" element of adverse possession pursuant to RPAPL §501 [3]. Defendants further contend that the complaint must be dismissed "inasmuch as there is no allegation whatsoever that Plaintiff's occupied the Premises "under a claim of right" or that Plaintiff had a reasonable basis to believe that the premises belonged to them." Plaintiff fails to address the alleged deficiency in their opposition, and instead, argues that summary judgment is a drastic remedy, and that this Court's only function in ruling on this motion is to determine whether any triable issue of fact exists. 
CPLR §3013 provides:
"Statements in a pleading shall be sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense".
CPLR §3013 is not a provision under which a party moves for summary judgment. Those provisions are found under CPLR §3211. In seeking summary judgment, Defendants fail to articulate under which provision of CPLR §3211 they move the court. Based upon the arguments made, it can only be inferred that Defendant's move under CPLR §3211 [a][7] and 3211 [c], in that the pleading allegedly fails to state a cause of action, and that Defendants annex a variety of Exhibits to their motion papers purported to constitute proof. The usefulness, admissibility, and efficacy of the Exhibits submitted on this motion by Defendants, are the subject of a motion pursuant to CPLR §3211 [c] should this court reach that point. "Rule §3211 [c] permits affidavit and other evidence to be submitted on a motion to dismiss under CPLR §3211 [a] [7], so the movant will not be precluded from showing, by evidence, that the pleading is sham or frivolous and should therefore be dismissed because there is no cause of action" (Siegel, Introducing: A Biannual Survey of New York Practice, St. John's L. Rev. Vol. 38, December 1963, No. 1). Generally, if the wrong ground is designated in the motion, the court can treat the motion as having specified the right ground, if no prejudice can be claimed (Tirado [*3]v Miller, 75 AD3d 153 [2d Dept 2010]). Here, as in Tirado, the court bases its decision to adjudicate the motion pursuant CPLR §3211 [a][7] upon the general relief clause contained in the Notice of Motion, and in the absence of prejudice to the Plaintiff, who clearly crafted their opposition papers accordingly.
Defendant's Affirmation in Support of their cross-motion attacks the merits of Plaintiff's claim, as well as its articulation. As to the articulation of the claim, the "claim of right" element appears to be missing altogether from the Verified Complaint [NYSCEF Doc. No. 2]. The element cannot even be inferred from any language within the four corners of the Verified Complaint. In 2008, the adverse possession statute [RPAPL, Article IV] was amended in its entirety (L 2008, ch 269) to, among other things, discourage people from claiming adverse possession over real property they know belongs to another with superior ownership rights (Estate of Becker v Murtagh, 19 NY3d 75 [2012]). The most significant change is that a claimant to adverse possession ripening after the 2008 enactments must show a "reasonable basis for the belief that the property belongs to the adverse possessor". The alleged property rights appear to have accrued after the enactment of the amendment. Therefore, the pre-amendment law in inapplicable. Plaintiff's Verified Complaint articulates the elements of the pre-amendment law on its face. There are no facts alleged that resemble the "claim of right" element that the legislature added in 2008. 
This court recognizes that all pleadings must be liberally construed. Under the CPLR, if a cause of action can be spelled out from the four corners of the pleading, a cause of action is stated and no successful motion lies under CPLR §3211 [a][7] based on a failure to plead one (Siegel, New York Practice §208 [6th Edition]). This court examined the Verified Complaint and could not find any facts within the four corners of the document that would satisfy notice of the material element known as "claim of right" under the RPAPL. The missing element is a clear violation of CPLR §3013, and Plaintiff would typically be granted permission to replead, however, no timely, or colorable request for same was made in opposition to the motion or at any time prior to the full submission of Motion Sequences #002, and #003.
Instead, Plaintiff moved by Order to Show Cause (Motion Sequence #004) after Motion Sequences #002 and #003 were fully submitted and argued before the Court, but before entry of this Memorandum Decision and Order. Allowing Plaintiff to replead at this juncture might well promote the notion of judicial economy, however, allowing the Plaintiff to amend the complaint, after submission and oral argument on a motion seeking summary judgment on the Verified Complaint (based upon a material defect), would deprive the Defendant of due process, thus prejudicing a substantial right. Plaintiff could have amended as of right prior to issue having been joined or sought leave of court to amend prior to the full submission and oral argument on the motions. This court would also have entertained, as is customarily done, a request within Plaintiff's opposition to Motion Sequence #003, for leave to amend the Verified Complaint. Nonetheless, the request was not made until after the motion sequences #002 and #003 were marked fully submit, and this is irreparable. Moreover, Plaintiff never provided the Court with any admissible evidence, affidavits, or other probative information that would tend to prove or provide any credibility to the notion that Plaintiff could ever adequately plead the "claim of right" element, although the opportunity to do so was provided, and extensions of time and a liberal briefing schedule was afforded.
Decretal Paragraphs
Based upon the foregoing, It is hereby ORDERED that summary judgment in favor of the Defendant is GRANTED, for failure of Plaintiff to State a Cause of Action, pursuant to CPLR §3211 [a][7], and it is further, 
ORDERED, that any remaining contentions and/or requests for relief in Motion Sequences #002 and #003 are hereby rendered moot, and it is further,
ORDERED, that Motion Sequence #004 is rendered moot, and it is further,
ORDERED, that the STAY is hereby VACATED in connection with the related action pending in the Housing Court, Richmond County, bearing LT Index No.: 301456/23, and it is further, 
ORDERED, that the Clerk of the Court shall enter judgment accordingly and the matter is marked disposed. 
The foregoing shall constitute the Decision and Order of this Court. 
Dated: February 6, 2024
Staten Island, New York
E N T E R,
HON. RONALD CASTORINA, JR.
JUSTICE OF THE SUPREME COURT