Hall v God's House of Refuge (2024 NY Slip Op 02394)

Hall v God's House of Refuge

2024 NY Slip Op 02394

Decided on May 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, NOWAK, DELCONTE, AND KEANE, JJ.

32 CA 22-01860

[*1]HARRY HALL, PLAINTIFF-APPELLANT,
v
GOD'S HOUSE OF REFUGE, DEFENDANT-RESPONDENT. (APPEAL NO. 1.) 

PARISI & BELLAVIA, ROCHESTER (TIMOTHY C. BELLAVIA OF COUNSEL), FOR PLAINTIFF-APPELLANT.
RUPP PFALZGRAF LLC, ROCHESTER (MATTHEW A. LENHARD OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Monroe County (Gail Donofrio, J.), entered October 31, 2022. The order granted in part the motion of defendant seeking, inter alia, to compel plaintiff to submit to a medical examination. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this action to recover for personal injuries sustained by plaintiff while performing roofing work, plaintiff appeals in appeal No. 1 from an order that granted defendant's motion to compel and for a protective order in part and, inter alia, compelled plaintiff to appear for a medical examination on a date certain and precluded plaintiff from attending the examination with a third party. In appeal No. 2, plaintiff appeals from an order that granted defendant's motion to supplement the record in appeal No. 1 to include defendant's memorandum of law. Under the circumstances, we affirm in both appeals.
Plaintiff's sole contention in appeal No. 1 is that Supreme Court erred in acting sua sponte when it precluded plaintiff from attending the examination with a third party. We reject the contention that the court granted sua sponte relief. The affidavit of the examining physician, offered in support of defendant's motion, asserts that barring third parties from attending the examination is necessary to accurately assess plaintiff and that the presence of third parties represents a substantial deviation from standardized test procedures, which would render the test results unreliable (see generally A.W. v County of Oneida, 34 AD3d 1236, 1237-1238 [4th Dept 2006]). Similarly, defendant argued in its memorandum of law that "the presence of any third party will skew the results of the exam. Thus, the court should grant defendant's motion and enter an order compelling plaintiff's attendance (alone) at the [examination]." In light of the foregoing, we reject plaintiff's argument that the court sua sponte granted undemanded relief or deprived plaintiff of the opportunity to brief or be heard on that issue (see generally Tirado v Miller, 75 AD3d 153, 158, 160 [2d Dept 2010]), inasmuch as a plain reading of defendant's motion papers placed plaintiff on notice that defendant sought to bar plaintiff from attending the examination with any third party (see generally id. at 158), and plaintiff did not oppose that request below. We note that plaintiff did not contest in this appeal that part of the order barring video or audio recording of the examination for litigation purposes, thereby abandoning any contention with respect thereto (see Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]), and thus we take no position on that issue here.
With respect to appeal No. 2, we conclude that the court properly granted defendant's motion to include the memorandum of law in the record on appeal No. 1 because it is relevant to the issue of preservation (cf. Zawatski v Cheektowaga-Maryvale Union Free School Dist., 261 AD2d 860, 860 [4th Dept 1999], lv denied 94 NY2d 754 [1999]), i.e., whether, contrary to [*2]plaintiff's contention, defendant sought to bar plaintiff from attending the examination with any third party in its initial motion.
Entered: May 3, 2024
Ann Dillon Flynn
Clerk of the Court